UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RAMON MURILLO, | ) | No. CV 11-10131-GAF (VBK) |
| | ) | |
| Plaintiff, | ) | ORDER RE DISMISSAL WITH LEAVE TO |
| | ) | AMEND |
| v. | ) | |
| | ) | |
| IAN PARKINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

  <u>Pro</u> <u>se</u> prisoner Ramon Murillo (hereinafter referred to as
"Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. §
1983 on January 12, 2012, pursuant to the Court's Order re Leave to
File Action without Prepayment of Full Filing Fee.

**<u>STATEMENT OF FACTS</u>**

  Plaintiff alleges while housed at San Luis Obispo County Jail
from March 19, 2011 through April 4, 2011 Defendants violated his
First and Fourteenth Amendment rights.  Plaintiff alleges Defendants
retaliated against him. (<u>See</u> Complaint, at 5, Claim I.)  Plaintiff
also alleges that Defendants violated his First and Fourteenth
Amendment rights when they "retaliated by beating Plaintiff for

1  exercising his rights and for being a transgender." (See Complaint

2  attached page, Claim II).  Plaintiff also alleges Defendants violated

3  his rights by denying him access to the law library, food and hygiene.

4  (See Complaint, attached page, Claim III.)

5      Plaintiff names the following as Defendants: Sheriff Ian

6  Parkinson; Deputy Ulloa; Deputy Mayes; Deputy Manpal; Deputy Adams and

7  Sgt. Rushing, in both their individual and official capacities.

8  Plaintiff also names the County of San Luis Obispo and the San Luis

9  Obispo County Jail. (Complaint at 3-4.)

10      Plaintiff refers to an "Attached Memorandum of Points and

11  Authority" for factual support for all three of his claims; however,

12  this "Memorandum of Points and Authority" was not filed with his

13  Complaint.  Consequently, the Complaint contains no factual support

14  for Plaintiff's claims.

15      Plaintiff seeks compensatory and punitive damages. (Complaint at

16  6.)

17

18                                          **STANDARD OF REVIEW**

19      Because Plaintiff is seeking to proceed in forma pauperis, the

20  Court shall review such a complaint "as soon as practicable after

21  docketing."  Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is

22  required to dismiss a complaint if the Court finds that the complaint

23  (1) is legally frivolous or malicious, (2) fails to state a claim upon

24  which relief may be granted, or (3) seeks monetary relief from a

25  defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (re: all

26  in forma pauperis complaints).

27      A complaint may also be dismissed for lack of subject matter

28  jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).  Neitzke v. Williams,

490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## DISCUSSION

For all of the following reasons, the Complaint should be dismissed with leave to amend.

### A.   Section 1983 Requirements.

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the

defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986).   Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations.   See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." [citation]  Indeed, the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d at 743-44.

Plaintiff has set forth bare conclusory allegations without any factual support to state a claim against Defendants.   Plaintiff must set forth specific facts stating affirmative acts or omissions by Defendants regarding the alleged violations of the First and Fourteenth Amendments in the body of the Complaint.

**B.** **Plaintiff's Individual Capacity § 1983 Claims Against Defendants Are Not Supported by Any Admissible Evidence**.

Plaintiff has named Defendants in both their individual and official capacities.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1984); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

A plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058 (1999); see Iqbal, 129 S.Ct. at 1950 (stating that a complaint must contain more than legal conclusions to withstand dismissal for failure to state a claim).  With an excessive force claim, the "core judicial inquiry" is "whether force is applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010)(per curiam)(quoting Hudson v. McMillian, 503 U.S. 1, 7, 1125 S.Ct. 945 (1992).).  Plaintiff is granted leave to allege facts explaining what each Defendant did or failed to do that amounts to the use of excessive force.

**C.** **Supervisory Liability**.

Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he

6

complains. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). Respondeat superior is not a sufficient basis for imposing liability under § 1983. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 663-64 n. 7 (1978). State officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation. <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

In order to allege facts sufficient to show a jurisdictional basis for imposing liability, <u>see</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1234 (9th Cir. 1984), Plaintiff must allege facts to show that the Defendant proximately caused the deprivation of rights of which Plaintiff complains, or that Defendant in a supervisory capacity failed to properly train or supervise personnel resulting in the alleged deprivation, [that the alleged deprivation resulted from official policy or custom for which Defendant was responsible], or that Defendant knew of the alleged misconduct and failed to act to prevent future misconduct. Plaintiff may not sue Defendants or any supervisor on a theory that a supervisor is liable for the acts of his subordinates. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S.Ct. 445 (1981); <u>Gibson v. County of Washoe, Nev</u>., 290 F.3d 1175, 1185 (9th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1106, 123 S.Ct. 872 (2003); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-47 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1074 (1992)(supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation.); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009)(supervisory personnel not individually liable under section 1983 on the theory of <u>respondeat superior</u> or supervisory liability in absence of state law imposing such liability).

Here, Plaintiff has failed to identify any policy statements of the San Luis Obispo County Sheriff's Department, or any regulations, or officially adopted or promulgated decisions, whereby the San Luis Obispo County Sheriff's Department agents or employees inflicted the injuries about which he is complaining.   Moreover, Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the San Luis Obispo County Sheriff's Department had a governmental custom of engaging in excessive force.

**D.**   **Plaintiff must Exhaust His Administrative Remedies Pursuant To 42 U.S.C. § 1997e(a).**

Since this action was filed after the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), it is governed by the provisions of the PLRA.   The PLRA amended 42 U.S.C. § 1997e(a) to provide as follows:

> "[No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The PLRA defined the phrase "civil action brought with respect to prison conditions" as meaning "any civil proceeding arising under

federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison," other than "habeas proceedings challenging the fact or duration of confinement in prison." See, 18 U.S.C. § 3626(g)(2).   In Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001), the United States Supreme Court held that the PLRA requires administrative exhaustion prior to an inmate filing a civil rights lawsuit even when the grievance process does not permit the award of money damages and an inmate seeks only money damages, as long as the grievance tribunal has authority to take some action in response to an inmate's complaint.  See also, Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983 (2002)(Exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong). McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)(per curiam)(PLRA requires district courts to dismiss actions without prejudice where the prisoner failed to exhaust administrative remedies before filing suit).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  (California Code of Regulations Title 15, section 3084.1(a).)   They may also file appeals alleging misconduct by correctional officials.  Id., § 3084.1(c).  To exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal

written appeal on a CDC Form 602, (3) second-level appeal to the institution head or designee, and (4) third-level appeal to the Director of CDC or the Director's designate.  <u>Barry v. Ratelle</u>, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997)(citing Cal. Code. Reg. Title 15, section 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement in § 1997(e)(a).  <u>Id</u>. at 1237-38; <u>see</u> <u>Alexandroai v. California Department of Corrections</u>, 985 F.Supp. 968, 969-70 (S.D. Cal. 1997).

The Supreme Court in <u>Booth</u> explicitly required that the prisoner "complete a prison administrative process" under the PLRA version of § 1997(e).  <u>Booth v. Churner</u>, 532 U.S. 731 at 739.

A prisoner's grievance must address all claims being brought and advise correctional authorities by description of all persons against whom claims might be brought.  <u>Irvin v. Zamora</u>, 161 F.Supp.2d 1125, 1127 (S.D. Cal. 2001). Here, from the face of the Complaint it does not appear that Plaintiff exhausted his administrative remedies.

<u>**CONCLUSION AND ORDER**</u>

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this Memorandum and Order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference and portion of the original Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements

10

set forth in this Memorandum and Order may result in a recommendation
that this action be dismissed with prejudice.


DATED: February 13, 2012            _____/s/_____

                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE