# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

CLERK, U.S. DISTRICT COURT

**MAY 2 8 2013**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

To: ☐ U.S. District Judge / ☑ U.S. Magistrate Judge  VICTOR B. KENTON

From: R. HORAN _____, Deputy Clerk   Date Received: 5/28/2013

Case No.: CV 11-10131 JGB (VBK)   Case Title: Ramon Murillo v. Ian Parkinson, et al.

Document Entitled: Plaintiff's Motion to Compel Discovery of Defendant Michael Ulloa to comply to Plaintiff's Request for Admissions and Genuiness of Documents

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | FRCP 26(a)(4) and Local Rule 26-2: No filing of discovery documents permitted unless there is a pending proceeding in which documents or proof of service is at issue. Failure to comply with L.R. 37-2.4, 37-1 — 37-4 i |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

Date _____        _____
                            U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

Date _____        _____
                            U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE      COPY 2 -JUDGE      COPY 3 -SIGNED & RETURNED TO FILER      COPY 4 -FILER RECEIPT**

CV-104A (06/13)                    NOTICE OF DOCUMENT DISCREPANCIES

Ramon Murillo
PO Box 409099
Ione, CA. 95640

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ATTORNEY - PER - SE

| | |
|---|---|
| Ramon Murillo | Case no. CV-11-1031-GAF |
| Plaintiff | Plaintiff Motion To Compel Discovery: |
| vs. | Defendant: Michael Ulloa' To |
| Ian Parkinson, et al. | Comply To: Plaintiffs Request For |
| Defendants | Admission and Genuines, of Document |

TO THE Honorable VICTOR B. KENTON, US. Magistrate Judge;

THE Plaintiff appearing in Proper, herein Files thu Motion to Compel Compliance by Defendant: Michael Ulloa To: Plaintiffs Request For Admission and Genuiness of Documents  (F.R.C.P. 36)

Plaintiff herein Provides that he complied with the Meet and confer requirements, On April 19, 2013, Plaintiff filed his First & meet and confer letter (Exhibit 1) On May 8, 2013, Plaintiff served his Second Meet & confer (Exhibit 2). On May 13, 2013, Plaintiff Served his 3rd Meet and Confer letter (Exhibit 3).

Plaintiff herein provides the Request for Admissions and Defendants Answers, Plaintiff also provides the documents requested for Genuiness as Exhibits   to    . Request for Admissions are as Follows

1  of  41

Plaint. Mot. To Compel Discovery - Def Ulloa To Plaint. Req for Admissions and Gen. of Doc's.

RAMON MURILLO
PO #A42404089
Ione, CA. 95640

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO | CASE NO. CV-11-10131-GAF |
| Plaintiff | Plaintiff's MOTION TO COMPEL DISCOVERY: |
| VS. | DEFENDANT: Michael ULLOA' TO |
| Ian Parkinson, et al. | Comply TO: Plaintiff's REQUEST FOR |
| Defendants | Admission and Genuiness of Documents |

TO THE Honorable VICTOR B. KENTON, US. MAGISTRATE JUDGE;

THE Plaintiff appearing in Proper, herein Files this Motion to Compel Compliance by Defendant: MICHAEL ULLOA TO: PLAINTIFF'S REQUEST FOR Admission and Genuiness of Documents (F.R.C.P. 36)

Plaintiff herein Provides that he complied with the MEET and Confer requirements. On April 19, 2013, Plaintiff filed his FIRST ε meet and confer LETTER (Exhibit 1) On MAY 8, 2013, Plaintiff served his SECOND meet ε Confer (Exhibit 2). On MAY 13, 2013. Plaintiff Served his 3rd MEET and CONFER LETTER (Exhibit 3).

Plaintiff herein provides the REQUEST for Admissions and Defendants Answer, Plaintiff also provides the Documents requested for Genuiness as Exhibits to , REQuest for Admissions are as Follows

1 of 41

Plaint. MOT. TO Compel Discovery -Def ULLOA TO Plaint. REQ for Admission and Gen. of DOCs.

(left margin, vertical) ATTORNEY-PER-SE

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that you informed the Plaintiff if he wanted access to legal material or law library, legal postage, he need[ed] to get a court order stating that he was self-represented.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Objection. Overbroad and unduly burdensome as drafted. The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection. Vague. The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection. To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection. Privacy and public safety. The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

Objection. Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

1   §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

2   531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

3   may be limited to protect from annoyance, embarrassment, oppression, or undue

4   burden or expense; and there is a Federal common law right to a qualified

5   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

6   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

7   725 (1976). The request seeks or appears to seek government personnel files

8   which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

9   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

10  privilege of the official information greatly outweighs the requesting party's

11  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

12  information sought is not reasonably calculated to lead to discovery of admissible

13  evidence, and there is no interest to the requesting party giving rise to a need to

14  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

15  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

16  85 (5th Cir.1980).

17       This request, as formulated cannot be admitted or denied as propounded,

18  therefore it is objectionable, and denied.

19  **REQUEST FOR ADMISSION NO. 2:**

20  Admit that you worked 10 hours, 4 days a week, at the housing unit that Plaintiff

21  was housed at in March 20, 2011 to mid-April 2011.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

23       Objection. Overbroad and unduly burdensome as drafted. The request is

24  compound, and is not reasonably specific and/or particularized, is incomplete in

25  and of itself, and fails to allow this responding party to effectively, and reasonably

26  admit or deny.

27       Objection. Vague. The request as drafted is compound, has sub-parts, uses

3

1  without making legal assumptions and asserting conclusions.

2      Objection. To the extent the request seeks attorney work product, or

3  attorney-client privileged documents, this responding party objects.

4      Objection. Privacy and public safety.  The request appears to seek private

5  information relating to other inmates, or which may contain information relating

6  to, referencing, or otherwise describing other inmates which if disclosed could

7  pose a inmate and public health and safety risk.

8      Objection.   Privilege and privacy, Official Records. The request is

9  overbroad, not relevant and not likely to lead to the discovery of relevant

10 information, and seeks privileged information protected by California Constitution

11 art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.;

12 Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

13 *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

14 §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

15 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

16 may be limited to protect from annoyance, embarrassment, oppression, or undue

17 burden or expense; and there is a Federal common law right to a qualified

18 privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

19 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

20 725 (1976). The request seeks or appears to seek government personnel files

21 which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

22 F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

23 privilege of the official information greatly outweighs the requesting party's

24 interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

25 information sought is not reasonably calculated to lead to discovery of admissible

26 evidence, and there is no interest to the requesting party giving rise to a need to

27 breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

1   85 (5th Cir.1980).

2        This request, as formulated cannot be admitted or denied as propounded,

3   therefore it is objectionable, and denied.

4   **REQUEST FOR ADMISSION NO. 3:**

5   Admit that you didn't give Plaintiff access to the law library.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

7        Objection. Overbroad and unduly burdensome as drafted.  The request is

8   compound, and is not reasonably specific and/or particularized, is incomplete in

9   and of itself, and fails to allow this responding party to effectively, and reasonably

10  admit or deny.

11       Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

12  broad terms and is otherwise incomprehensible, rendering it impossible to answer

13  without making legal assumptions and asserting conclusions.

14       Objection. To the extent the request seeks attorney work product, or

15  attorney-client privileged documents, this responding party objects.

16       Objection.  Privacy and public safety.  The request appears to seek private

17  information relating to other inmates, or which may contain information relating

18  to, referencing, or otherwise describing other inmates which if disclosed could

19  pose a inmate and public health and safety risk.

20       Objection.   Privilege and privacy, Official Records. The request is

21  overbroad, not relevant and not likely to lead to the discovery of relevant

22  information, and seeks privileged information protected by California Constitution

23  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

24  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

25  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

26  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

27  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

1   burden or expense; and there is a Federal common law right to a qualified

2   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

3   511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

4   725 (1976). The request seeks or appears to seek government personnel files

5   which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

6   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

7   privilege of the official information greatly outweighs the requesting party's

8   interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The

9   information sought is not reasonably calculated to lead to discovery of admissible

10  evidence, and there is no interest to the requesting party giving rise to a need to

11  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d

12  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-

13  85 (5th Cir.1980).

14          This request, as formulated cannot be admitted or denied as propounded,

15  therefore it is objectionable, and denied.

16  **REQUEST FOR ADMISSION NO. 4:**

17  Admit that budget decision relating to the County-Jail law library is vested in the

18  County of San Luis Obispo and Sheriff.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

20          Objection. Overbroad and unduly burdensome as drafted. The request is

21  compound, and is not reasonably specific and/or particularized, is incomplete in

22  and of itself, and fails to allow this responding party to effectively, and reasonably

23  admit or deny.

24          Objection. Vague. The request as drafted is compound, has sub-parts, uses

25  broad terms and is otherwise incomprehensible, rendering it impossible to answer

26  without making legal assumptions and asserting conclusions.

27          Objection. To the extent the request seeks attorney work product, or

1     <u>Objection.</u>  Privacy and public safety.  The request appears to seek private

2 information relating to other inmates, or which may contain information relating

3 to, referencing, or otherwise describing other inmates which if disclosed could

4 pose a inmate and public health and safety risk.

5     <u>Objection.</u>   Privilege and privacy, Official Records. The request is

6 overbroad, not relevant and not likely to lead to the discovery of relevant

7 information, and seeks privileged information protected by California Constitution

8 art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

9 Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

10 *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

11 §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

12 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

13 may be limited to protect from annoyance, embarrassment, oppression, or undue

14 burden or expense; and there is a Federal common law right to a qualified

15 privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

16 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

17 725 (1976). The request seeks or appears to seek government personnel files

18 which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

19 F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

20 privilege of the official information greatly outweighs the requesting party's

21 interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

22 information sought is not reasonably calculated to lead to discovery of admissible

23 evidence, and there is no interest to the requesting party giving rise to a need to

24 breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

25 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

26 85 (5th Cir.1980).

27     This request, as formulated cannot be admitted or denied as propounded,

1  **REQUEST FOR ADMISSION NO. 5:**

2  Admit that the policy maker Ian Parkson [*sic*] is you boss.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

4      <u>Objection</u>.  Overbroad and unduly burdensome as drafted.  The request is

5  compound, and is not reasonably specific and/or particularized, is incomplete in

6  and of itself, and fails to allow this responding party to effectively, and reasonably

7  admit or deny.

8      <u>Objection</u>.  Vague.  The request as drafted is compound, has sub-parts, uses

9  broad terms and is otherwise incomprehensible, rendering it impossible to answer

10  without making legal assumptions and asserting conclusions.

11      <u>Objection.</u> To the extent the request seeks attorney work product, or

12  attorney-client privileged documents, this responding party objects.

13      <u>Objection</u>.  Privacy and public safety.  The request appears to seek private

14  information relating to other inmates, or which may contain information relating

15  to, referencing, or otherwise describing other inmates which if disclosed could

16  pose a inmate and public health and safety risk.

17      <u>Objection</u>.   Privilege and privacy, Official Records. The request is

18  overbroad, not relevant and not likely to lead to the discovery of relevant

19  information, and seeks privileged information protected by California Constitution

20  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

21  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

22  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

23  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

24  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

25  may be limited to protect from annoyance, embarrassment, oppression, or undue

26  burden or expense; and there is a Federal common law right to a qualified

27  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

28  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

1   725 (1976). The request seeks or appears to seek government personnel files

2   which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

3   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

4   privilege of the official information greatly outweighs the requesting party's

5   interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The

6   information sought is not reasonably calculated to lead to discovery of admissible

7   evidence, and there is no interest to the requesting party giving rise to a need to

8   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d

9   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-

10   85 (5th Cir.1980).

11          This request, as formulated cannot be admitted or denied as propounded,

12   therefore it is objectionable, and denied.

13   **REQUEST FOR ADMISSION NO. 6:**

14   Admit that you didn't provide showers, exercise yard, hygiene to Plaintiff.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16          Objection. Overbroad and unduly burdensome as drafted. The request is

17   compound, and is not reasonably specific and/or particularized, is incomplete in

18   and of itself, and fails to allow this responding party to effectively, and reasonably

19   admit or deny.

20          Objection. Vague. The request as drafted is compound, has sub-parts, uses

21   broad terms and is otherwise incomprehensible, rendering it impossible to answer

22   without making legal assumptions and asserting conclusions.

23          Objection. To the extent the request seeks attorney work product, or

24   attorney-client privileged documents, this responding party objects.

25          Objection. Privacy and public safety. The request appears to seek private

26   information relating to other inmates, or which may contain information relating

27   to, referencing, or otherwise describing other inmates which if disclosed could

28   pose a inmate and public health and safety risk.

9

1        <u>Objection.</u>    Privilege and privacy, Official Records. The request is

2    overbroad, not relevant and not likely to lead to the discovery of relevant

3    information, and seeks privileged information protected by California Constitution

4    art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

5    Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

6    *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

7    §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

8    531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

9    may be limited to protect from annoyance, embarrassment, oppression, or undue

10   burden or expense; and there is a Federal common law right to a qualified

11   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

12   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

13   725 (1976). The request seeks or appears to seek government personnel files

14   which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

15   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

16   privilege of the official information greatly outweighs the requesting party's

17   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

18   information sought is not reasonably calculated to lead to discovery of admissible

19   evidence, and there is no interest to the requesting party giving rise to a need to

20   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

21   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

22   85 (5th Cir.1980).

23       This request, as formulated cannot be admitted or denied as propounded,

24   therefore it is objectionable, and denied.

25   **REQUEST FOR ADMISSION NO. 7:**

26   Admit that you didn't provide dinner trays to Plaintiff upon his return from Court.

27   ///

28   ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection. Overbroad and unduly burdensome as drafted. The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection. Vague. The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection. To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection. Privacy and public safety. The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

Objection. Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

1  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

2  privilege of the official information greatly outweighs the requesting party's

3  interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The

4  information sought is not reasonably calculated to lead to discovery of admissible

5  evidence, and there is no interest to the requesting party giving rise to a need to

6  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d

7  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-

8  85 (5th Cir.1980).

9       This request, as formulated cannot be admitted or denied as propounded,

10  therefore it is objectionable, and denied.

11  **REQUEST FOR ADMISSION NO. 8:**

12  Admit that you participated in the beating Plaintiff received by Defendants.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

14       Objection.  Overbroad and unduly burdensome as drafted.  The request is

15  compound, and is not reasonably specific and/or particularized, is incomplete in

16  and of itself, and fails to allow this responding party to effectively, and reasonably

17  admit or deny.

18       Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

19  broad terms and is otherwise incomprehensible, rendering it impossible to answer

20  without making legal assumptions and asserting conclusions.

21       Objection. To the extent the request seeks attorney work product, or

22  attorney-client privileged documents, this responding party objects.

23       Objection.  Privacy and public safety.  The request appears to seek private

24  information relating to other inmates, or which may contain information relating

25  to, referencing, or otherwise describing other inmates which if disclosed could

26  pose a inmate and public health and safety risk.

27       Objection.   Privilege and privacy, Official Records. The request is

28  overbroad, not relevant and not likely to lead to the discovery of relevant

12

1  information, and seeks privileged information protected by California Constitution

2  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.;

3  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

4  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

5  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

6  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

7  may be limited to protect from annoyance, embarrassment, oppression, or undue

8  burden or expense; and there is a Federal common law right to a qualified

9  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

10  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

11  725 (1976). The request seeks or appears to seek government personnel files

12  which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

13  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

14  privilege of the official information greatly outweighs the requesting party's

15  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

16  information sought is not reasonably calculated to lead to discovery of admissible

17  evidence, and there is no interest to the requesting party giving rise to a need to

18  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

19  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

20  85 (5th Cir.1980).

21       This request, as formulated cannot be admitted or denied as propounded,

22  therefore it is objectionable, and denied.

23  **REQUEST FOR ADMISSION NO. 9:**

24  Admit that you initiated the beating on Plaintiff.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

26       Objection. Overbroad and unduly burdensome as drafted. The request is

27  compound, and is not reasonably specific and/or particularized, is incomplete in

28  and of itself, and fails to allow this responding party to effectively, and reasonably

13

1   admit or deny.

2       Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

3   broad terms and is otherwise incomprehensible, rendering it impossible to answer

4   without making legal assumptions and asserting conclusions.

5       Objection. To the extent the request seeks attorney work product, or

6   attorney-client privileged documents, this responding party objects.

7       Objection.  Privacy and public safety.  The request appears to seek private

8   information relating to other inmates, or which may contain information relating

9   to, referencing, or otherwise describing other inmates which if disclosed could

10  pose a inmate and public health and safety risk.

11      Objection.    Privilege and privacy, Official Records. The request is

12  overbroad, not relevant and not likely to lead to the discovery of relevant

13  information, and seeks privileged information protected by California Constitution

14  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

15  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

16  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

17  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

18  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

19  may be limited to protect from annoyance, embarrassment, oppression, or undue

20  burden or expense; and there is a Federal common law right to a qualified

21  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

22  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

23  725 (1976). The request seeks or appears to seek government personnel files

24  which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

25  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

26  privilege of the official information greatly outweighs the requesting party's

27  interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The

28  information sought is not reasonably calculated to lead to discovery of admissible

1  evidence, and there is no interest to the requesting party giving rise to a need to

2  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

3  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

4  85 (5th Cir.1980).

5      This request, as formulated cannot be admitted or denied as propounded,

6  therefore it is objectionable, and denied.

7  **REQUEST FOR ADMISSION NO. 10:**

8  Admit that you call[ed] Plaintiff sexual names and sexually harass[ed].

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

10     Objection.  Overbroad and unduly burdensome as drafted.  The request is

11  compound, and is not reasonably specific and/or particularized, is incomplete in

12  and of itself, and fails to allow this responding party to effectively, and reasonably

13  admit or deny.

14     Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

15  broad terms and is otherwise incomprehensible, rendering it impossible to answer

16  without making legal assumptions and asserting conclusions.

17     Objection.  To the extent the request seeks attorney work product, or

18  attorney-client privileged documents, this responding party objects.

19     Objection.  Privacy and public safety.  The request appears to seek private

20  information relating to other inmates, or which may contain information relating

21  to, referencing, or otherwise describing other inmates which if disclosed could

22  pose a inmate and public health and safety risk.

23     Objection.   Privilege and privacy, Official Records. The request is

24  overbroad, not relevant and not likely to lead to the discovery of relevant

25  information, and seeks privileged information protected by California Constitution

26  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

27  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

28  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

1  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

2  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

3  may be limited to protect from annoyance, embarrassment, oppression, or undue

4  burden or expense; and there is a Federal common law right to a qualified

5  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

6  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

7  725 (1976). The request seeks or appears to seek government personnel files

8  which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

9  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

10  privilege of the official information greatly outweighs the requesting party's

11  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

12  information sought is not reasonably calculated to lead to discovery of admissible

13  evidence, and there is no interest to the requesting party giving rise to a need to

14  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

15  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

16  85 (5th Cir.1980).

17  This request, as formulated cannot be admitted or denied as propounded,

18  therefore it is objectionable, and denied.

19  **REQUEST FOR ADMISSION NO. 11:**

20  Admit that you didn't stop or prevented Adams, Rushing, Mayes from assaulting

21  the Plaintiff.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

23  Objection.  Overbroad and unduly burdensome as drafted.  The request is

24  compound, and is not reasonably specific and/or particularized, is incomplete in

25  and of itself, and fails to allow this responding party to effectively, and reasonably

26  admit or deny.

27  ///

28  ///

1    <u>Objection</u>.  Vague.  The request as drafted is compound, has sub-parts, uses

2    broad terms and is otherwise incomprehensible, rendering it impossible to answer

3    without making legal assumptions and asserting conclusions.

4    <u>Objection.</u> To the extent the request seeks attorney work product, or

5    attorney-client privileged documents, this responding party objects.

6    <u>Objection.</u>  Privacy and public safety.  The request appears to seek private

7    information relating to other inmates, or which may contain information relating

8    to, referencing, or otherwise describing other inmates which if disclosed could

9    pose a inmate and public health and safety risk.

10   <u>Objection.</u>   Privilege and privacy, Official Records. The request is

11   overbroad, not relevant and not likely to lead to the discovery of relevant

12   information, and seeks privileged information protected by California Constitution

13   art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

14   Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

15   *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

16   §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

17   531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

18   may be limited to protect from annoyance, embarrassment, oppression, or undue

19   burden or expense; and there is a Federal common law right to a qualified

20   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

21   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

22   725 (1976). The request seeks or appears to seek government personnel files

23   which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

24   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

25   privilege of the official information greatly outweighs the requesting party's

26   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

27   information sought is not reasonably calculated to lead to discovery of admissible

28   evidence, and there is no interest to the requesting party giving rise to a need to

17

1 breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

2 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

3 85 (5th Cir.1980).

4      This request, as formulated cannot be admitted or denied as propounded,

5 therefore it is objectionable, and denied.

6 **REQUEST FOR ADMISSION NO. 12:**

7 Admit that you strip search[ed] Plaintiff when he return[ed] from Court.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

9     Objection. Overbroad and unduly burdensome as drafted. The request is

10 compound, and is not reasonably specific and/or particularized, is incomplete in

11 and of itself, and fails to allow this responding party to effectively, and reasonably

12 admit or deny.

13     Objection. Vague. The request as drafted is compound, has sub-parts, uses

14 broad terms and is otherwise incomprehensible, rendering it impossible to answer

15 without making legal assumptions and asserting conclusions.

16     Objection. To the extent the request seeks attorney work product, or

17 attorney-client privileged documents, this responding party objects.

18     Objection. Privacy and public safety. The request appears to seek private

19 information relating to other inmates, or which may contain information relating

20 to, referencing, or otherwise describing other inmates which if disclosed could

21 pose a inmate and public health and safety risk.

22     Objection. Privilege and privacy, Official Records. The request is

23 overbroad, not relevant and not likely to lead to the discovery of relevant

24 information, and seeks privileged information protected by California Constitution

25 art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

26 Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

27 *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

28 §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96 F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The privilege of the official information greatly outweighs the requesting party's interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The information sought is not reasonably calculated to lead to discovery of admissible evidence, and there is no interest to the requesting party giving rise to a need to breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-85 (5th Cir.1980).

This request, as formulated cannot be admitted or denied as propounded, therefore it is objectionable, and denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the policy maker relating to County Jail is Ian Parkinson - Sheriff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection. Overbroad and unduly burdensome as drafted. The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection. Vague. The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

///

1    <u>Objection.</u> To the extent the request seeks attorney work product, or

2    attorney-client privileged documents, this responding party objects.

3    <u>Objection.</u>  Privacy and public safety.  The request appears to seek private

4    information relating to other inmates, or which may contain information relating

5    to, referencing, or otherwise describing other inmates which if disclosed could

6    pose a inmate and public health and safety risk.

7    <u>Objection.</u>   Privilege and privacy, Official Records. The request is

8    overbroad, not relevant and not likely to lead to the discovery of relevant

9    information, and seeks privileged information protected by California Constitution

10   art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

11   Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

12   *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

13   §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

14   531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

15   may be limited to protect from annoyance, embarrassment, oppression, or undue

16   burden or expense; and there is a Federal common law right to a qualified

17   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

18   511 F.2d 192, 198 (9th Cir.1975), *aff'd,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

19   725 (1976). The request seeks or appears to seek government personnel files

20   which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

21   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

22   privilege of the official information greatly outweighs the requesting party's

23   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

24   information sought is not reasonably calculated to lead to discovery of admissible

25   evidence, and there is no interest to the requesting party giving rise to a need to

26   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

27   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

28   85 (5th Cir.1980).

20

1    This request, as formulated cannot be admitted or denied as propounded,

2    therefore it is objectionable, and denied.

3    **REQUEST FOR ADMISSION NO. 14:**

4    Admit that you work for the San Luis Obispo County Sheriff.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

6    Objection.  Overbroad and unduly burdensome as drafted.  The request is

7    compound, and is not reasonably specific and/or particularized, is incomplete in

8    and of itself, and fails to allow this responding party to effectively, and reasonably

9    admit or deny.

10    Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

11    broad terms and is otherwise incomprehensible, rendering it impossible to answer

12    without making legal assumptions and asserting conclusions.

13    Objection. To the extent the request seeks attorney work product, or

14    attorney-client privileged documents, this responding party objects.

15    Objection.  Privacy and public safety.  The request appears to seek private

16    information relating to other inmates, or which may contain information relating

17    to, referencing, or otherwise describing other inmates which if disclosed could

18    pose a inmate and public health and safety risk.

19    Objection.    Privilege and privacy, Official Records. The request is

20    overbroad, not relevant and not likely to lead to the discovery of relevant

21    information, and seeks privileged information protected by California Constitution

22    art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

23    Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

24    *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

25    §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

26    531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

27    may be limited to protect from annoyance, embarrassment, oppression, or undue

28    burden or expense; and there is a Federal common law right to a qualified

1  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

2  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

3  725 (1976). The request seeks or appears to seek government personnel files

4  which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

5  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

6  privilege of the official information greatly outweighs the requesting party's

7  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

8  information sought is not reasonably calculated to lead to discovery of admissible

9  evidence, and there is no interest to the requesting party giving rise to a need to

10  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

11  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

12  85 (5th Cir.1980).

13    This request, as formulated cannot be admitted or denied as propounded,

14  therefore it is objectionable, and denied.

15  **REQUEST FOR ADMISSION NO. 15:**

16  Admit that Plaintiff utilized a walking cane.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

18    <u>Objection</u>. Overbroad and unduly burdensome as drafted. The request is

19  compound, and is not reasonably specific and/or particularized, is incomplete in

20  and of itself, and fails to allow this responding party to effectively, and reasonably

21  admit or deny.

22    <u>Objection</u>. Vague. The request as drafted is compound, has sub-parts, uses

23  broad terms and is otherwise incomprehensible, rendering it impossible to answer

24  without making legal assumptions and asserting conclusions.

25    <u>Objection.</u> To the extent the request seeks attorney work product, or

26  attorney-client privileged documents, this responding party objects.

27  ///

28  ///

1   <u>Objection.</u>  Privacy and public safety.  The request appears to seek private

2   information relating to other inmates, or which may contain information relating

3   to, referencing, or otherwise describing other inmates which if disclosed could

4   pose a inmate and public health and safety risk.

5        <u>Objection.</u>    Privilege and privacy, Official Records. The request is

6   overbroad, not relevant and not likely to lead to the discovery of relevant

7   information, and seeks privileged information protected by California Constitution

8   art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

9   Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

10  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

11  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

12  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

13  may be limited to protect from annoyance, embarrassment, oppression, or undue

14  burden or expense; and there is a Federal common law right to a qualified

15  privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

16  511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

17  725 (1976). The request seeks or appears to seek government personnel files

18  which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

19  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

20  privilege of the official information greatly outweighs the requesting party's

21  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

22  information sought is not reasonably calculated to lead to discovery of admissible

23  evidence, and there is no interest to the requesting party giving rise to a need to

24  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

25  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

26  85 (5th Cir.1980).

27       This request, as formulated cannot be admitted or denied as propounded,

28  therefore it is objectionable, and denied.

23

**REQUEST FOR ADMISSION NO. 16:**

Admit that you knew the Plaintiff was transgender.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Objection. Overbroad and unduly burdensome as drafted. The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection. Vague. The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection. To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection. Privacy and public safety. The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

Objection. Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

24

725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96 F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The privilege of the official information greatly outweighs the requesting party's interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The information sought is not reasonably calculated to lead to discovery of admissible evidence, and there is no interest to the requesting party giving rise to a need to breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-85 (5th Cir.1980).

This request, as formulated cannot be admitted or denied as propounded, therefore it is objectionable, and denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit you didn't stop, prevent or reported the assault Plaintiff suffered at hands of Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Objection.  Overbroad and unduly burdensome as drafted.  The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection.  Vague.  The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection.  To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection.  Privacy and public safety.  The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could

1  pose a inmate and public health and safety risk.

2      <u>Objection.</u>    Privilege and privacy, Official Records. The request is

3  overbroad, not relevant and not likely to lead to the discovery of relevant

4  information, and seeks privileged information protected by California Constitution

5  art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

6  Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

7  *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

8  §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

9  531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

10 may be limited to protect from annoyance, embarrassment, oppression, or undue

11 burden or expense; and there is a Federal common law right to a qualified

12 privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.,*

13 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

14 725 (1976). The request seeks or appears to seek government personnel files

15 which are official information. *See, e.g., Zaustinsky v. University of Cal.,* 96

16 F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

17 privilege of the official information greatly outweighs the requesting party's

18 interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

19 information sought is not reasonably calculated to lead to discovery of admissible

20 evidence, and there is no interest to the requesting party giving rise to a need to

21 breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

22 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

23 85 (5th Cir.1980).

24     This request, as formulated cannot be admitted or denied as propounded,

25 therefore it is objectionable, and denied.

26 **REQUEST FOR ADMISSION NO. 18:**

27 Admit that you didn't give the Plaintiff access to medical after the assault.

28 ///

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Objection.  Overbroad and unduly burdensome as drafted.  The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection.  Vague.  The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection.  To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection.  Privacy and public safety.  The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

Objection.   Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

1 | F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

2 | privilege of the official information greatly outweighs the requesting party's

3 | interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

4 | information sought is not reasonably calculated to lead to discovery of admissible

5 | evidence, and there is no interest to the requesting party giving rise to a need to

6 | breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

7 | 1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

8 | 85 (5th Cir.1980).

9 |     This request, as formulated cannot be admitted or denied as propounded,

10 | therefore it is objectionable, and denied.

11 | **REQUEST FOR ADMISSION NO. 19:**

12 | Admit that you encourage the behavior of the other Defendants.

13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

14 |     Objection.  Overbroad and unduly burdensome as drafted.  The request is

15 | compound, and is not reasonably specific and/or particularized, is incomplete in

16 | and of itself, and fails to allow this responding party to effectively, and reasonably

17 | admit or deny.

18 |     Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

19 | broad terms and is otherwise incomprehensible, rendering it impossible to answer

20 | without making legal assumptions and asserting conclusions.

21 |     Objection. To the extent the request seeks attorney work product, or

22 | attorney-client privileged documents, this responding party objects.

23 |     Objection.  Privacy and public safety.  The request appears to seek private

24 | information relating to other inmates, or which may contain information relating

25 | to, referencing, or otherwise describing other inmates which if disclosed could

26 | pose a inmate and public health and safety risk.

27 | ///

28 | ///

2-8

1    Objection.   Privilege and privacy, Official Records. The request is

2   overbroad, not relevant and not likely to lead to the discovery of relevant

3   information, and seeks privileged information protected by California Constitution

4   art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

5   Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

6   *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

7   §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

8   531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

9   may be limited to protect from annoyance, embarrassment, oppression, or undue

10   burden or expense; and there is a Federal common law right to a qualified

11   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

12   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

13   725 (1976). The request seeks or appears to seek government personnel files

14   which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

15   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

16   privilege of the official information greatly outweighs the requesting party's

17   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

18   information sought is not reasonably calculated to lead to discovery of admissible

19   evidence, and there is no interest to the requesting party giving rise to a need to

20   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

21   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

22   85 (5th Cir.1980).

23        This request, as formulated cannot be admitted or denied as propounded,

24   therefore it is objectionable, and denied.

25   **REQUEST FOR ADMISSION NO. 20:**

26   Admit that you are intrusted with the care, safety, custody of inmates housed at the

27   San Luis Obispo Jail.

28   ///

29

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

    Objection.  Overbroad and unduly burdensome as drafted.  The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

    Objection.  Vague.  The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

    Objection. To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

    Objection.  Privacy and public safety.  The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

    Objection.   Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

30

1   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

2   privilege of the official information greatly outweighs the requesting party's

3   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

4   information sought is not reasonably calculated to lead to discovery of admissible

5   evidence, and there is no interest to the requesting party giving rise to a need to

6   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

7   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

8   85 (5th Cir.1980).

9       This request, as formulated cannot be admitted or denied as propounded,

10  therefore it is objectionable, and denied.

11  **REQUEST FOR ADMISSION NO. 21:**

12  Admit that you smack[ed] the Plaintiff.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

14      Objection.  Overbroad and unduly burdensome as drafted.  The request is

15  compound, and is not reasonably specific and/or particularized, is incomplete in

16  and of itself, and fails to allow this responding party to effectively, and reasonably

17  admit or deny.

18      Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

19  broad terms and is otherwise incomprehensible, rendering it impossible to answer

20  without making legal assumptions and asserting conclusions.

21      Objection. To the extent the request seeks attorney work product, or

22  attorney-client privileged documents, this responding party objects.

23      Objection.  Privacy and public safety.  The request appears to seek private

24  information relating to other inmates, or which may contain information relating

25  to, referencing, or otherwise describing other inmates which if disclosed could

26  pose a inmate and public health and safety risk.

31

27  ///

28  ///

1   <u>Objection.</u>   Privilege and privacy, Official Records. The request is

2   overbroad, not relevant and not likely to lead to the discovery of relevant

3   information, and seeks privileged information protected by California Constitution

4   art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

5   Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

6   *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

7   §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

8   531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

9   may be limited to protect from annoyance, embarrassment, oppression, or undue

10   burden or expense; and there is a Federal common law right to a qualified

11   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

12   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

13   725 (1976). The request seeks or appears to seek government personnel files

14   which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

15   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

16   privilege of the official information greatly outweighs the requesting party's

17   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

18   information sought is not reasonably calculated to lead to discovery of admissible

19   evidence, and there is no interest to the requesting party giving rise to a need to

20   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

21   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

22   85 (5th Cir.1980).

23   This request, as formulated cannot be admitted or denied as propounded,

24   therefore it is objectionable, and denied.

25   **REQUEST FOR ADMISSION NO. 22:**

26   Admit that you had contact with the Plaintiff during his housing in County Jail.

27   ///

28   ///

32

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

    Objection.  Overbroad and unduly burdensome as drafted.  The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

    Objection.  Vague.  The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

    Objection.  To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

    Objection.  Privacy and public safety.  The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

    Objection.  Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

33

1  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

2  privilege of the official information greatly outweighs the requesting party's

3  interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

4  information sought is not reasonably calculated to lead to discovery of admissible

5  evidence, and there is no interest to the requesting party giving rise to a need to

6  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

7  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

8  85 (5th Cir.1980).

9          This request, as formulated cannot be admitted or denied as propounded,

10  therefore it is objectionable, and denied.

11  **REQUEST FOR ADMISSION NO. 23:**

12  Admit that you never wrote Plaintiff for any rule violation.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

14      Objection.  Overbroad and unduly burdensome as drafted.  The request is

15  compound, and is not reasonably specific and/or particularized, is incomplete in

16  and of itself, and fails to allow this responding party to effectively, and reasonably

17  admit or deny.

18      Objection.  Vague.  The request as drafted is compound, has sub-parts, uses

19  broad terms and is otherwise incomprehensible, rendering it impossible to answer

20  without making legal assumptions and asserting conclusions.

21      Objection. To the extent the request seeks attorney work product, or

22  attorney-client privileged documents, this responding party objects.

23      Objection.  Privacy and public safety.  The request appears to seek private

24  information relating to other inmates, or which may contain information relating

25  to, referencing, or otherwise describing other inmates which if disclosed could

26  pose a inmate and public health and safety risk.

27  ///

28  ///

34

1    Objection.    Privilege and privacy, Official Records. The request is

2    overbroad, not relevant and not likely to lead to the discovery of relevant

3    information, and seeks privileged information protected by California Constitution

4    art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq.,

5    Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil*

6    *Code* §1798.53; *California Government Code* §6254(c); *California Penal Code*

7    §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d

8    531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery

9    may be limited to protect from annoyance, embarrassment, oppression, or undue

10   burden or expense; and there is a Federal common law right to a qualified

11   privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*,

12   511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d

13   725 (1976). The request seeks or appears to seek government personnel files

14   which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

15   F.R.D. 622, 625 (N.D.Cal.1983), *aff'd*, 782 F.2d 1055 (9th Cir.1985). The

16   privilege of the official information greatly outweighs the requesting party's

17   interest. *See Kelly v. City of San Jose*, 114 F.R.D., 653, 660 (N.D.Cal.1987). The

18   information sought is not reasonably calculated to lead to discovery of admissible

19   evidence, and there is no interest to the requesting party giving rise to a need to

20   breach the privilege and privacy interest. *Sanchez v. City of Santa Ana*, 936 F.2d

21   1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-

22   85 (5th Cir.1980).

23        This request, as formulated cannot be admitted or denied as propounded,

24   therefore it is objectionable, and denied.

25   **REQUEST FOR ADMISSION NO. 24:**

26   Admit that Plaintiff didn't have access to grievance process for staff complaint.

27   ///

28   ///

35

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Objection.  Overbroad and unduly burdensome as drafted.  The request is compound, and is not reasonably specific and/or particularized, is incomplete in and of itself, and fails to allow this responding party to effectively, and reasonably admit or deny.

Objection.  Vague.  The request as drafted is compound, has sub-parts, uses broad terms and is otherwise incomprehensible, rendering it impossible to answer without making legal assumptions and asserting conclusions.

Objection. To the extent the request seeks attorney work product, or attorney-client privileged documents, this responding party objects.

Objection.  Privacy and public safety.  The request appears to seek private information relating to other inmates, or which may contain information relating to, referencing, or otherwise describing other inmates which if disclosed could pose a inmate and public health and safety risk.

Objection.   Privilege and privacy, Official Records. The request is overbroad, not relevant and not likely to lead to the discovery of relevant information, and seeks privileged information protected by California Constitution art. I, §1, and federal rights to privacy; California *Evidence Code* §§1040 et seq., Federal Rule of Evidence 408; *California Civil Code* §§1798.24 et seq.; *Civil Code* §1798.53; *California Government Code* §6254(c); *California Penal Code* §§832.5 et seq.; and California law, *Pitchess v. Superior Court*, (1974) 11 Cal.3d 531. Furthermore, Federal Rule of Civil Procedure 26(c) provides that discovery may be limited to protect from annoyance, embarrassment, oppression, or undue burden or expense; and there is a Federal common law right to a qualified privilege for official information. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The request seeks or appears to seek government personnel files which are official information. *See, e.g., Zaustinsky v. University of Cal.*, 96

36

1  F.R.D. 622, 625 (N.D.Cal.1983), *aff'd,* 782 F.2d 1055 (9th Cir.1985). The

2  privilege of the official information greatly outweighs the requesting party's

3  interest. *See Kelly v. City of San Jose,* 114 F.R.D., 653, 660 (N.D.Cal.1987). The

4  information sought is not reasonably calculated to lead to discovery of admissible

5  evidence, and there is no interest to the requesting party giving rise to a need to

6  breach the privilege and privacy interest. *Sanchez v. City of Santa Ana,* 936 F.2d

7  1027, 1034 (9th Cir.1990); *Jepsen v. Florida Bd. of Regents,* 610 F.2d 1379, 1384-

8  85 (5th Cir.1980).

9        This request, as formulated cannot be admitted or denied as propounded,

10  therefore it is objectionable, and denied.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MOTION TO COMPEL ADMISSIONS:

The Plaintiff REQUEST that this COURT order
(1) That Defendant ADMIT OR Deny as
required by FEDERAL RULES OF CIVIL
Procedure;

OR

(2) That The COURT Deems the Defendants
responses as Admissions (ADMIT).

It is Clear By the Defendant responses
are invasive, malicious and in BAD FAITH, it is
also clear that Defendants are not complying
with The Discovery Rules and the COURTS
ORDER.

The Defendant is required to ADMIT OR DENY,
they cannot simply Object. The could admit OR
Deny with a STATEMENT or explanation, but
they MUST Admit or Deny.

"THE FEDERAL COURTS have ruled that blanket
Objections, simply stating & compounded, Vague,
Incomprehensible and overbroad Objects are
insufficient" — McLEOD, Alexander, POWEL & APFFEL PC
vs. QUARLES, 894 F2d 1482 (5th cir. 1990), Here the
Defendant has failed to articulate a pursausive

38

1  reason or provide evidence, upon which the
2  court would or could sustain those objections.
3  "It's clear that Defendant has provided Legally
4  deficient Responses" — Brigante v. Huang (1993)
5  20 C.A.4th 1569, 25 C.R.2d. 354.
6      This court may grant appropriate relief on the
7  basis of oppression from Request for Admissions.
8  "Unlike an interrogatory, a Request for Admission
9  is not a discovery device, but a Party's duty ~~to~~ of
10  Reasonable inquiry in responding to Request for
11  Admissions is similar to its duty in answering
12  interrogatories — Erie Ins. Property & Cas Co. v Johnson
13  272 F.R.D 177, S.D. W.VA 2010 & F.D.I.C v Halpen
14  271 F.R.D. 191 (D.nev. 2010).
15      A Review of Defendant responses to discovery
16  demonstrates that he is not serious about providing
17  information about this case, or is more interested in
18  concealing information he has in this case. Rather than
19  provide Admissions or Denials, Defendant served only
20  objections to ~~these~~ Plaintiff's Discovery.
21      "Absent a court order compelling that Defendant
22  respond, Plaintiff will be unable to narrow the issues
23  at trial or be satisfied that all relevant evidence
24  has been produced.
25      Defendant's refusal to provide substantive
26  responses is a misuse of the discovery process and
27
28                      34

Ramon Murillo
Attorney - Per-Se

1   is without substantial justification. Plaintiff thereof/
2   therefore requests an order that Defendant provide
3   further responses/Admission/Denial to those
4   discovery request set herein.
5      Plaintiff Further request sanctions in the sum
6   of $255.02 for xerox copies fees incurred for
7   the filing of this motion.

8
9      DEFENDANT OBJECTION should be deemed a
10  Admittence : in The ALTERNATIVE that defendant
11  be order to respond as the review of defendant's
12  responses demonstrates that they are evasive, and
13  his objections were either without merit or were
14  too general. — SAV-on Drugs, Inc. v. SUPERIOR COURT 15.
15  CAL 3d 1, 7, 8 STATE Road DEPT. v. Florida East Coast Ry Co.
16  (Fla. App. 1968) 212 So.2d 315, 317,

17
18     SANCTIONS :

19
20     The COURT is authorize under : Bult vs Hennessey
21  929 F2d 457 (9th cir 1991) (citation omitted). to grant
22  Pro-Se Prisoners to recover the cost for xerox copies
23  cost related the motion to compel. The plaintiff
24  herein declares that this motion cost him $255.00.
25  Defendants refusal to obey Federal civil Rules and
26  provide substantive responses to discovery is a MISUSE

27
28                        40

(KAREN P. WILLIS)
ATTORNEY-PER-SE

1  of the discovery process and is without substantial
2  Justification. Defendant "responses" all consist of
3  objections without Justification and were not verified,
4  Plaintiff's efforts to try to avoid Law and Motion
5  proved Fruitless. Under this circumstances, sanctions
6  against Defendant ARE WARRANTED.

7
8                    Conclusion:
9
10    Plaintiff SERVED Defendant with valid discovery
11  requests. Each of the requests were tailored to plaintiff's
12  claims.
13        Based on the foregoing, plaintiff request the court
14  order Defendant to respond to discovery as requested
15  and award monetary sanctions of $255.00 payable
16  to: Ramon Murillo /or Juana Alarcon -ATTORNEY-IN-
17  FACT. and that it be mailed between 20 days of
18  the courts order.

19
20            Respectfully Submitted
21                                    DATE: 5-2-2013
22
23
24        Ramon Murillo
25        Plaintiff / ATTORNEY-IN-FACT
26
27                  41
28

Exhibit

1

Ramon Murillo
P-43503
Mule Creek State Prison
PO Box 409099
Ione, CA 95640

APRIL 19, 2013

NATHAN A. PEREA
4204 Riverwalk Parkway, STE 250
Riverside, CA, 92505

MEET & CONFER PER F.R.C.P RULE 37

RE: MURILLO VS. PARKINSON case no. CV-11-10131
CENTRAL DISTRICT COURT.

DEAR NATHAN A PEREA,

I respectfully write to meet and confer with you under FEDERAL CIVIL RULE 37.

I am in receipt of your genetic OBJECTIONS, your OBJECTIONS TO:

① Defendant JEREMIAH MAYES, ADMISSIONS and Genuineness of DOCUMENTS.

② Defendant EMMETT Rushing, ADMISSIONS and Genuineness of DOCUMENTS.

③ Defendant Michael ULLOA, ADMISSIONS and Genuineness of DOCUMENTS.

meet & confer - RULE 37              page 1 of 5

1  ④ DEFENDANT TYLER ADAMS, Admissions and

2  Genuiness of Documents.

3

4  ⑤ Defendant Ian Parkinson, Admissions and

5  Genuiness of Documents.

6

7  Your OBJection are not valid, Under FEDERAL Rules

8  of CIVIL Procedure, Rule 36, you must STATE in

9  detail why you cannot Admit. (Rule 36(4)), But

10  you must provide a Admission or Denial. Your

11  Genetic OBjections are made in Bad faith.

12  Theres nothing OVerbroad, vague, nor that seeks

13  work product. You have not made the showing

14  that the material you claiming work product

15  Was prepared in the course of Prepuration for

16  possible litigation.

17     THE Documents that PlaintiFF REQUESTED

18  Genuineness of the Documents Must be admitted

19  or Denied — The Documents are not protected

20  Under Client-ATTORNEY nor ATTORNEY work

21  product as its given to all inmates at the

22  County jail.

23     I Respectfully request that you revisit your

24  OBjections and provided the required Admit or

25  Denied, Per Rule 36.

26

27

28  MEET & Confer -Rule 37     Page 2 of 5

1  If you fail, I will make the court to
2  either compel Responses or to enter on the
3  Record answers, as admitted by your clients
4     I will also seek payment of Expenses
5  incurred in filing Motion to compel.

6

7  ISSUE TWO:
8  Your Objection, to Plaintiff request For
9  Production of Document directed To:
10 Defendant: ~~Ian Parkinson~~
11 Defendant: San Luis Obispo County Jail.

12

13 This Discovery request was made under the
14 authority of Federal Civil Rule 30 (b) 34

15

16 REQuest number one: Is not compounded, is
17 not work-product and specifically deals with
18 Information relating directly to Plaintiff
19 Theres no attorney product here as such
20 information is Public Record

21

22 REQuest number Two: The Policies, memorandum
23 are public Records, and technically available
24 on the computer or Prison Library if the county
25 didn't close it Down.

26                       Page 3 of 5
27
28 Meet & Confer-Rule 37

1  REQUEST no. 3: Prisoner Rules, Procedures, Regulations
2  or handed out to inmates are not protected
3  by WORK product, and since Defendants hand
4  out and make them available to inmates
5  upon booking they are not protected by
6  any priviledge. -PUBLIC RECORDS

7
8  REQUEST no. 4: County Budget Reports are
9  public RECORDs and not protected WORK.
10 product.

11
12 REQUEST no. 5 to no. 29: Public RECORDs,
13 non- of this material made available to
14 the public, inmates, others is not WORK product
15 nor protected by attorney-client priviledge.

16
17 ALL This documents must be made available
18 under California Public RECORDs Act, your
19 objections where made in BAD faith, I
20 request that you reconsider (reconsider) your
21 position & objections and provide the
22 requested documents.
23         If you dont reply between 30 days
24 I will be force to file a motion to compel
25 and motion to compel Discovery Responses,
26 compel Disclosures.
                              page 4 of 5.
27
28 MEET & confer -Rule 37

I will seek payment for the expenses incurred in filing, and preparing this motions to compel

I hope that we can keep this Discovery process Respectful, clean, and moving along.

Please Review this 1st Meet & Confer and please provide a Response.

Respectfully

4/19/13.

R. Murillo

CC: Central District Court

5 OF 5

Meet & Confer - Rule 37

## PROOF OF SERVICE BY MAIL

_CV-11-10131_

I declare that:

I am a resident of _Ione_ , in the county of _AMADOR_ , Ca.

I am over the age of 18 years.  My residence address is:

_4001 Hwy 104   Ione, CA, 93560_

On _April 23 2013_, I served the attached:

_Meet & Confer_

On the _Defendants_ in said case by

placing a true copy thereof enclosed in a sealed envelope with postage thereon fully

paid, in the United States Mail at:

_Ione, CA, Cock - Register Legal Mail_

Addressed as follows:

_Nathan A Perea_
_4204 Riverwalk Parkway, Ste 250_
_Riverside, CA, 92505_

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _4-23-13_

At _Ione_ , California.

_Daniel Vega_

[Type or Print Name]

Exhibit 2

Ramon Murillo
P-43503
Mule Creek State Prison
PO Box 409099
Ione, CA 95640

MAY 8, 2013

NATHAN A. PEREA
ATTORNEY for DEFENDANT
4204 RIVERWALK PARKWAY, STE 250
Riverside, CA 92505

2nd MEET & CONFER LETTER (SLO-119)
RE: MURILLO VS. PARKINSON, et al.  CV-11-10131 JGB

DEAR NATHAN A. PEREA,

I AM WRITING this 2nd MEET and CONFER LETTER, as you have MADE it clear that YOU WILL NOT COMPLY with the RULE of Discovery and simply WILL FORCE me to file MOTIONS to COMPEL with the COURT in which I will SEEK SANCTIONS and SANCTIONS for my COST incurred. I Understand that YOU need to get billable HOURS, but, PLEASE COMPLY with the RULES of DISCOVERY.

   TO PLAINTIFF's request for ADMISSIONS and INTERROGATORIES, REQUEST for PRODUCTIONS and INSPECTION of DOCUMENT, YOU in behalf of YOUR CLIENT, have simple file non-sense OBJECTION

1 OF 5

2nd MEET & CONFER LETTER - CV-11-10131-JGB

1  by all Defendants.
2   You have MADE blanket objections, simply
3  stating, compounded, Incomprehensible, vague,
4  overbroad objections are insufficient.
5  McLEod, Alexander, POwel & Apffel P.C. V.
6  Quarles, 894 F.2d 1482 (5th cir. 1990): You
7  have failed to articulate a PURSUASIVE
8  reason or provided evidence, upon which the
9  court would sustain those Objections.
10  " ALL the Production of Documents sought
11  appear reasonably calculated to lead to discovery
12  of admissible evidence. F.R.C.P Rule 26 (b)(1)
13   "Personnel Files of members and executive
14  personnel of Authority and documents relating
15  to policies and procedures of Authority should be
16  determined with Reference of Federal Law not
17  California Law. (—West Ann. Cal. Evid. code 1040.)
18   Plaintiffs request To Public Access to County
19  Law policies, budgets, operational Records are
20  discoverable : Multnomah Legal Services Worker
21  union V. Legal Services Corp. ( C.A.9 (OR) 1991)
22  936 F.2d. 1547 (9th cir. 1991)
23   "If Agency rule modifies or effects change in
24  existing Rights, Law or policy it is a
25  " substantive Rule " within (with) binding
26  effect, is Discoverable.
                2 OF 5
27  2nd MEET & confer Letter — CV-11-10131- JGB

Ramon Murillo
P-43503
Mule Creek State Prison
PO Box 409099
Ione, CA 95640

1

2

3

4 "External non-privileged documents and not internal

5 documents are discoverable, Documents, Rules that

6 have force and Effect of Law interpretive rules

7 are also discoverable. &

8 UNITED STATES v. FIFTY -THREE (53) ECLECTUS Parrots,

9 685 F.2d 1131, 1136 (9th cir. 1982)

10    — not providing a Grievance process for inmates

11 and not making a Law Library available is a

12 substantive Rule with Binding effect. & WIC v.

13 BOWEN, 807 F.2d 1502, 1504 (9th cir. 1987),

14    The Defendants didnt have a Legitimate

15 Penological Interest, for the purpose of a TURNER

16 analysis, in protecting a profit or using force, by

17 Impinging on inmates FIRST Amendment and 14th

18 Amendment Rights. & HRDLICKA v. RENIFF, [C.A (cal)

19 2011] & 631 F.3d. 1044.

20

21 MOTION FOR DEEMED ADMISSIONS";

22 your clients have provided Legally deficient

23 Responses —: BRIGANTE V. Huang (1993) 20 C.A

24 4th 1569, 25 C.R. 2d. 354

25

26         3 of 5

27

28 2nd MEET and CONFER LETTER- CV-11-10131- JGB

1  Judge may grant appropriate relief, on the basis of
2  oppression, from Requests for Admissions.

3
4  MOTION TO COMPEL FURTHER RESPONSE & DUTY TO
5  Respond:
6  Unlike an interrogatory, a request for Admission
7  is not a discovery device, but a party's duty of
8  Reasonable inquiry in responding to Request for Admission,
9  Is similar to its duty in answering interrogatories.
10  — ERIE Ins. Property & C.A.S. Co  v. Johnson, 272
11  F.R.D 177 ; S.D. W. VA. 2010
12  — F.D.I.C  v. HALPERN 271 F.R.D 191 (D nev. 2010)

13
14  INTERROGATORIES:
15  Factual Information may not be withheld under
16  the ATTORNEY WORK+Product doctrine, but must be
17  Produced through Interrogatories, depositions or
18  other discovery.  F.R.C.P. Rule 26 (b)(3) :
19  — STATE FARM & CAS CO.  v.  Nokes, 263 F.R.D. 518
20  n.D. Ind, 2009.
21  " Generally — Fact that an interrogatory calls for
22  a Legal conclusion is not grounds for an objection.
23  — Thomas  v. CATE, 715 F. Supp. 2d 1012, order clarified
24  — 2010 W.L 79709

25
26                    4    of   5
27
28  2nd MEET & CONFER LETTER — CV-11-10131- JGB

ATTORNEY-PER-SE

"An Interrogatory is not Objectionable MERELY because it asks for an opinion or contention that relates to Fact or the application of Law to Fact. — Dimkoff v. Dollhausen, 262 F.R.D. 191, E.D. n.y. 2009." court must balance the burden on the Interrogated party against the benefit to the discovering party of "having the information." — Nally v. Grace Community Church, 47 Cal.3d 278, 293 (1988): Norton v. McKeon (1977, E.D. PA) 444 F. supp. 384, affd w/out op. (CA 3PA) 601 F.2d 575.

JETT v. Dallas Indep. School Dist. 491 U.S. 701 (1984): Redman v. County of San Diego, 942 F.2d 1435 (9th cir. 1991)

For This Reason, I Request that you Provide Admissions, Answers, and comply with all of plaintiff's DISCOVERY Request.

Respectfully                    5/8/13


R. Murillo


5 of 5
2nd Meet & Confer Letter — CV-11-10131-JGB

<u>VERIFICATION</u>

CV-11-10131-GAF

STATE OF CALIFORNIA
COUNTY OF Amador

(C.C.P. SEC. 446 & 2015.5; 28 U.S.C. 1746)

I, Ramon Murillo DECLARE UNDER PENALTY OF PERJURY THAT:
I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION. I HAVE
READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND
THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED
THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I
BELIEVE THEM TO BE TRUE.

EXECUTED THIS 8th DAY OF MAY 20 13
AT Ione, CA 95640

(SIGNATURE)
(DECLARANT/PRISONER)

<u>PROOF OF SERVICE BY MAIL</u>

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I Daniel Vega AM A RESIDENT OF
STATE OF CALIFORNIA, I AM OVER THE AGE OF
EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE INTITLED
ACTION. MY ADDRESS IS 4001 King Ave, Ione CA. 95640

ON MAY 8, 2013 IS SERVED THE FOREGOING DOCUMENTS,
2nd Letter — meet & Confer
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A
SEALED ENVELOPE(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES
MAIL, IN A DEPOSIT BOX SO PROVIDED AT Ione, CA

Nathan A. Perea
4204 Riverwalk Pkwy
#STE 250
Riverside, CA, 92505

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED,
AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING
AND THE PLACE SO ADDRESSED, I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.

DATE: 5/8, 20 13

(DECLARANT/PRISONER)
Daniel Vega

Exhibit
3

KHMON MURILLO 17768S
PO BOX 409099
IONE, CA, 95640

MAY 13, 2013

NATHAN A. PEREA
4204 RIVERWALK PKWY #250
RIVERSIDE, CA, 92505

re: 3RD MEET & CONFER LETTER
MURILLO VS. PARKINSON, et al...
case no. CV-11-10131-JGB    (GNAF)

DEAR NATHAN A. PEREA,

This will ME my LAST attempt to <u>MEET and</u>
<u>Confer</u>, before I am force to file Motions to Compel
Discovery from your clients, and to SEEK Sanctions
for the COST ASSOCIATED with this MOTIONS.
You have made general Objections not avalid in
REQUEST for Admissions and REQUEST for
Genuineness of Documents, Your Genetic
Objections in the Interrogatories are also just
INVALID also. I HOPE that you review my
position in my 2nd letter —Meet & confer
and you correct the Discovery you presented
me.

1 of 2          3RD LETTER M&C

Your blanket objections are insufficient and simply failing to comply with the Discovery Rules.

The External documents that are handed over to Inmates cannot be priviledge and that Interpretes how the County Jail is operated are discoverable.

So please provide the Discovery Request between 20 days of this letter.

Respectfully                    5/13/13

R. Murillo.

enc: 2nd Meet & confer letter

2 of 2

3rd letter M&C

Ramon Murillo
P-43503
Mule Creek State Prison
PO Box 409099
Ione, CA 95640

MAY 8, 2013

NATHAN A. PEREA
ATTORNEY for DEFENDANT
4204 RiverWalk PARKWAY, STE 250
Riverside, CA, 92505

2nd MEET & CONFER LETTER (SLO-119)
RE: MURILLO vs. PARKINSON et al. CV-11-10131 JGB

DEAR Nathan A. PEREA,

   I AM WRITING this 2nd MEET and CONFER
LETTER, as you have MADE it clear that you will
not comply with the RULES of Discovery and simply
will force me to file MOTIONS to COMPEL with
the COURT in which I will SEEK Sanctions and
Sanctions for my Cost incurred. I understand
that you need to get billable Hours, but, Please
comply with the RULES of DISCOVERY.

   TO PLANTIFFS request for admissions and
Interrogatories, REQUEST for productions and
Inspection of DOCUMENT, YOU in behalf of your
client, have simple file non-sense OBJECTION

1 OF 5
2nd MEET & CONFER LETTER - CV-11-10131-JGB

1  by all Defendants.
2      You have MADE blanket objections, simply
3  stating, compounded, Incomprehensible, vague,
4  overbroad objections are insufficient.
5  McLEOD, Alexander, Powel & Apffel P.C. v.
6  Quarles, 894 F.2d 1482 (5thcir.1990) : You
7  have failed to articulate a PURSUASIVE
8  reason or provided evidence, upon which the
9  court would sustain those Objections.
10  " All the production of Documents sought
11  appear reasonably calculated to Lead to discovery
12  of admissible evidence. F.R.C.P Rule 26 (b)(1)
13      " Personnel Files of members and executive
14  personnel of Authority and documents relating
15  to policies and procedures of Authority should be
16  determined with Reference of Federal Law not
17  California Law ( —West Ann.Cal. Evid. code 1040.)
18      Plantiffs request To Public Access to County
19  Law policies, budgets, Operational Records are
20  discoverable : Multnomah Legal Services Worker
21  Union v. Legal Services Corp. ( C.A.9 (OR) 1991)
22  936 F2d. 1547 ( 9th cir 1991)
23      "If Agency rule Modifies or Effects change in
24  existing Rights, Law or policy it is a
25  " Substantive Rule " Within (with) binding
26  effect, is Discoverable.
                          2 OF 5
27  ___ Meet & confer Letter — CV-11-10131-JGB

ATTORNEY-IN-FACT

Ramon Murillo
P-43503
Mule Creek State Prison
PO Box 409099
Ione, CA 95640

"External non-privileged documents and not internal documents are discoverable, documents, rules that have force and effect of Law interpretive rules are also discoverable. & UNITED STATES v. FIFTY-THREE (53) ECLECTUS PARROTS, 685 F.2d 1131, 1136 (9th cir. 1982)

— not providing a Grievance process for inmates and not making a Law Library available is a substantive rule with Binding effect. & WILL v. BOWEN, 807 F.2d. 1502, 1504 (4th cir. 1987),

The Defendants didn't have a Legitimate Penological Interest, for the purpose of a TURNER analysis, in protecting a profit or using force, by Impinging on inmates FIRST Amendment and 14th Amendment Rights. & HRDLICKA v. RENIFF, [C.A (Cal) 2011] & 631 F.3d. 1044.

MOTION FOR DEEMED ADMISSIONS,"
your clients have provided Legally deficient Responses — : BRIGANTE v. Huang (1993) 20 C.A 4th 1569, 25 C.R. 2d. 354

3 of 5

2nd MEET and CONFER LETTER— CV-11-10131- JGB

Judge may grant appropriate relief, on the basis of oppression, from Requests for Admissions.

Motion to Compel Further Response & Duty to Respond:

Unlike an interrogatory, a request for Admission is not a discovery device, but a party's duty of Reasonable inquiry in responding to Request for Admissions is similar to its duty in answering interrogatories.
— Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D 177 ; S.D. W. Va. 2010
— F.D.I.C. v. Halpern 271 F.R.D 191 (D. nev. 2010)

Interrogatories:

Factual Information may not be withheld under the Attorney work-product doctrine, but must be produced through Interrogatories, depositions or other discovery.   F.R. CiP Rule 26(b)(3):
— State Farm & Cas. Co. v. Nokes, 263 F.R.D. 518 n.D. Ind. 2009.

"Generally - Fact that an interrogatory calls for a Legal conclusion is not grounds for an objection.
— Thomas v. Cate, 715 F.Supp. 2d 1012, order clarified
— 2010 W.L. 79709

4    of   5

Attorney - Per - JC

"An Interrogatory is not Objectionable MERELY because it asks for an opinion or contention that relates to FACT or the application of Law to FACT. — Dimkoff v. Dollhausen, 262 F.R.D. 191, E.D.N.Y. 2009." Court must balance the burden on the interrogated party against the benefit to the discovering party of having the information." — NALLY v. GRACE community church, 47 Cal.3d 278, 293 (1988): NORTON v. McKEON (1977, E.D. PA) 444 F.supp. 384, affd w/out op. (CA 3 PA) 601 F.2d 575.

JETT v. DALLAS Indep. School Dist. 491 U.S. 701 (1989): REDMAN v. County of San Diego, 942 F.2d 1435 (9th cir. 1991)

FOR THIS REASON, I REQUEST that you provide Admissions, Answers, and comply with all of plaintiff's DISCOVERY REQUEST.

Respectfully                                    5/8/13


R. MURILLO

5 of 5

2nd MEET & Confer Letter — CV-11-10131-JGB

ATTORNEY—PER—SE

# VERIFICATION

CV·11·10131-GAF

STATE OF CALIFORNIA
COUNTY OF Amador

---

### (C.C.P. SEC. 446 & 2015.5; 28 U.S.C. 1746)

I, Ramon Murillo DECLARE UNDER PENALTY OF PERJURY THAT:
I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION. I HAVE
READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND
THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED
THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I
BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___8th___ DAY OF ___MAY___ 20 13
AT Ione, CA 95640

_____
(SIGNATURE)        (DECLARANT/PRISONER)

---

# PROOF OF SERVICE BY MAIL

### (C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I Daniel Vega AM A RESIDENT OF
STATE OF CALIFORNIA. I AM OVER THE AGE OF
EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE INTITLED
ACTION. MY ADDRESS IS 4001 King Ave, Ione CA, 95640

ON MAY 8, 2013 IS SERVED THE FOREGOING DOCUMENTS,
2nd Letter — meet & Confer
(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A
SEALED ENVELOPE(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES
MAIL, IN A DEPOSIT BOX SO PROVIDED AT Ione, CA

Nathan A. Perea
4204 Riverwalk Pkwy
#STE 250
Riverside, CA, 92505

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED,
AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING
AND THE PLACE SO ADDRESSED, I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.

DATE: 5/8, 20 13

_____
(DECLARANT/PRISONER)
Daniel Vega

Exhibit 4

RAMON MURILLO P435-3
PO BOX 8800, Corcoran, CA, 93218

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT COURT OF California

RAMON MURILLO
  PLAINTIFF

VS.

Ian Parkinson,
  et al ....
  Defendant

CASE NO. CV-11-10131-GAF(VBK)

REQUEST FOR Admissions
  And

Genuineness of Documents
  (FIR. C.P -Rule 36(a))

Complaint Filed: 1-12-12
Amended Filed : 3-26-12

REQUESTING PARTY: RAMON MURILLO, Plaintiff, IPP
ANSWERING PARTY: Michael ULLOA, Defendant
SET NUMBER : ONE
DATE REQUESTED: FEBRUARY 27th, 2013

Michael ULLOA, YOU ARE REQUIRED to either to
Admit OR DENY each REQUESTED Admission under
OATH and VERIFIED, You got 30 days in which to
Comply.
   If you failed to Comply, each Admission will
then be deemed Admitted too.

1 of 4

REQUEST for Admission -Rule 36(a) - Michael ULLOA
CV.11-10131

REQUEST FOR ADMISSION, and Genuineness of Documents DIRECTED TO Defendant: Michael ULLOA

1  REQUEST FOR ADMISSIONS no. 1: Admit, That you INFORMED the
2  Plaintiff if he WANTED access to Legal MATERIAL on Law
3  Library, Legal postage, He need to get a COURT ORDER
4  STATING that he was Self-Represented.

5  REQUEST FOR ADMISSION no 2: Admit, That you WORKED
6  10 hours, 4 days a week, at the HOUSING UNIT that
7  PLAINTIFF was Housed at in MARCH 29, 2011 to Mid-
8  April 2011.

9  REQUEST FOR ADMISSION no. 3; ADMIT, That you DIDN'T give
10  Plaintiff Access to The Law Library.

11  REQUEST FOR ADMISSION no. 4: Admit, That Budget Decision,
12  relating to THE COUNTY-Jail Law Library is VESTED in the
13  COUNTY of San Luis OBISPO and Sheriff,

14  REQUEST FOR ADMISSION no. 5: Admit, that THE POLICY MAKER
15  IAN PARKSON is your Boss.

16  REQUEST FOR ADMISSION no. 6: Admit, That you didn't
17  provide Showers, exercise Yard, Hygiene To Plaintiff.

18  REQUEST FOR Admission no. 7: Admit, That you didn't
19  provide DINNER Trays To PLAINTIFF upon his return
20  From COURT.

21  REQUEST FOR ADMISSION no. 8; Admit, That you PARTICIPATED
22  in The beating Plaintiff received by Defendants.

2 of 4
REQ. FOR ADMISSION — Michael ULLOA

REQUEST FOR ADMISSION no. 9; Admit, That you initiated the Beating on plaintiff.

REQUEST FOR ADMISSION. no. 10; Admit, That you call plaintiff sexual names and sexually harass.

REQUEST FOR ADMISSION no. 11; Admit, That you didnt stop or prevented, Adams, Rushing, Mayes from assaulting the plaintiff.

REQUEST FOR ADMISSION no. 12; Admit, That you strip search plaintiff when he return from court.

REQUEST FOR ADMISSION no. 13; Admit, That the policy maker relating to county Jail is Ian Parkinson - sheriff.

REQUEST for ADMISSION no 14; Admit, That you work for the San Luis Obispo county sheriff.

REQUEST FOR ADMISSION no. 15; Admit, That plaintiff utilized a walking cane.

REQUEST FOR ADMISSION No. 16; Admit, That you knew the plaintiff was Transgender.

REQUEST for ADMISSION no. 17; Admit, you didnt stop, prevent or reported the assault plaintiff suffered at hands of Defendants.

REQUEST For ADMISSION no. 18; Admit, That you didnt give the plaintiff access to medical after the assault.

3 of 4
REQ for ADMISSION — ULLOA

REQUEST FOR ADMISSION no. 19; ADMIT, That you encourage the behavior of the other Defendants

REQUEST FOR ADMISSION no. 20; Admit, That you are INTRUSTED WITH THE CARE, Safety, CUSTODY of INMATE HOUSED at the San Luis Obispo Jail.

REQUEST FOR ADMISSION no. 21; ADMIT, That you SMACK The Plaintiff,

REQUEST FOR ADMISSION no. 22; ADMIT, That you had CONTACT WITH the plaintiff DURING his Housing in county Jail.

REQUEST FOR ADMISSION no. 23; ADMIT, That you never wrote Plaintiff for any Rule Violation.

REQUEST FOR ADMISSION no. 24; ADMIT, that Plaintiff Didn't have ACCESS TO grievance process for staff complaint.

PLAINTIFF RESERVES the Right to request further Request for Admission on LATER DATE.

by _____ Murillo.

4 OF 4

REQUEST FOR ADMISSION — ULLOA

CD 28○



June 22, 2011

~~Ramon Murillo P-43503~~
480 Alta Road
San Diego, CA 92179

RE:   **Principal:**          **County of San Luis Obispo**
      **Claimant:**           **Murillo**
      **Date of Loss:**       **4/4/2011**
      **Our File:**           **1566346-MM**

### NOTICE OF REJECTION OF CLAIM

Dear Mr. Murillo:

Please be advised that Carl Warren & Company is the authorized agent of the County of San Luis Obispo for claims administration and has been granted that authority pursuant to California Government Code, Section 31000.8 to reject, settle, compromise and/or approve public liability claims against the County of San Luis Obispo and its officers and employees.

Notice is hereby given that the claims, which you presented to the Clerk of the Board of Supervisors, on June 14, 2011 and June 15, 2011, were rejected.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See *Government Code, Section 945.6.*

The six (6) month time limit referred to in this notice applies only to claims or causes of action which are governed by the California Tort Claims Act.  You may seek the advice of an attorney of your choice with this matter.  If you desire to consult an attorney, you should do so immediately.

It should be noted that if a Court finds that a legal action against a governmental entity, including the County of San Luis Obispo is frivolous, without merit and/or not brought and/or maintained in good faith and reasonable cause, the County will have no alternative but to vigorously pursue its rights to recover all of its expenses, including reasonable

## CARL WARREN & CO.

**CLAIMS MANAGEMENT & CONSULTING**
WWW.CARLWARREN.COM
P.O. Box 7059 • Ventura, CA 93006
Phone: (805) 650-7020 • Fax: (805) 658-9950

attorney's fees associated with the defense of such litigation.  The County's recovery would, in part, be based upon *Code of Civil Procedure, Sections 128.7 and 1038.*

~~Further, we wish to point out to you the *CCP §1021.7*~~ allows the Court, in its discretion, to award reasonable attorney's fees to Defendant or Defendants as part of costs, upon a finding that the cause of action against a **peace officer** was not filed and/or maintained in good faith and with reasonable cause.  The County of San Luis Obispo will vigorously pursue its attorney's fees and costs, if the facts and circumstances warrant.

Sincerely,

CARL WARREN & COMPANY

Mauri McGuire
Client Relationship Manager

Enclosure:
Proof of Service by Mail

Cc:     With Enclosures

        Clerk Recorder for the Board of Supervisors
        County Government Center, Room D-120
        San Luis Obispo, CA 93408

        San Luis Obispo County Risk Manager
        County Government Center, Room D250
        San Luis Obispo, CA 93408

33



### PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA

COUNTY OF VENTURA

I am a citizen of the United States and a resident of the County of Ventura, over the age of 18 and not a party to the within entitled action; my business address is P.O. Box 7059, Ventura, CA 93006.

That on June 22, 2011 , I served  the documents, to wit:

### NOTICE OF REJECTION OF CLAIM

On Ramon Murillo, by placing a true copy thereof in a sealed envelope with postage thereon, fully prepaid, in the United States Mail at Ventura, California addressed as follows:

> Ramon Murillo P-43503
> 480 Alta Road
> San Diego, CA 92179

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Ventura, California on June 22, 2011.

Mauri McGuire
Client Relationship Manager

Cc:    Clerk Recorder for the Board of Supervisors
       San Luis Obispo County Risk Manager

## CARL WARREN & CO.

**CLAIMS MANAGEMENT & CONSULTING**
**WWW.CARLWARREN.COM**
P.O. Box 7059 • Ventura, CA 93006
Phone: (805) 650-7020 • Fax: (805) 658-9950

**CD 28 /**

SAN LUIS OBISPO SUPERIOR COURT
ROOM 385 - 220
COUNTY GOVERNMENT CENTER
SAN LUIS OBISPO, CA. 93408

FOR COURT **FILED**

MAR 23 2011

SAN LUIS OBISPO SUPERIOR COURT
BY _____ L. Jelley, Deputy Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA
Ramon Murillo   PLAINTIFF
vs.
Joseph Kintz   DEFENDANT

REMANDING ORDER, CONTINUANCE

DOCKET NUMBER   CJO 60895

CHARGES TO WIT:

DEFENDANT APPEARING IN PROPRIA PERSONA. GIVEN COPY OF COMPLAINT

HEREBY COMMITTED TO THE CUSTODY OF:
THE SHERIFF OF THE COUNTY OF SAN LUIS OBISPO

NEW APPEARANCE   DATE 3/28/11   TIME 8:30 a.m.

BAIL IS SET IN THE SUM OF   No Bail

DATED 3/23/11   JUDGE OF THE SUPERIOR COURT

DEPUTY CLERK   456   LSL114-M074

*The Plaintiff is self represented, facing trial on 3/28/11, and should be granted all reasonable access to legal research facilities. The Plaintiff shall arrive in court each day, starting Monday, 3/28/11, dressed in civilian clothing.*   Crandall JSC   3/23/11

**CD 28** 2

SAN LUIS OBISPO SUPERIOR COURT
ROOM 385 / 220
COUNTY GOVERNMENT CENTER
SAN LUIS OBISPO, CA. 93408.

FOR COURT ONLY

**FILED**

MAR 24 2011

SAN LUIS OBISPO SUPERIOR COURT
BY _Lynne W. Pelley_
L. Pelley, Deputy Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA,   PLAINTIFF,
_Lamon Murillo_   vs.
_Joseph Prince_   DEFENDANT.

REMANDING ORDER CONTINUANCE

DOCKET NUMBER: CU060845

AGENCY:              SLSO
AGENCY CASE
ID NUMBER:    0080000011
BK NUMBER:

CHARGES TO WIT

DEFENDANT APPEARING IN PROPRIA PERSONA, GIVEN COPY OF COMPLAINT,
STATES TRUE NAME _____ COMPLAINT AMENDED ACCORDINGLY

IS HEREBY COMMITTED TO THE CUSTODY OF
  THE SHERIFF OF THE COUNTY OF SAN LUIS OBISPO
  THE CALIFORNIA MENS COLONY
  ATASCADERO STATE HOSPITAL

WHO IS ORDERED TO TRANSPORT SAID DEFENDANT AND RETURN
HIM/HER IN COURT AT THE LOCATION, TIME AND DATE SET BELOW

  TO COUNTY JAIL FOR A PERIOD OF _____ DAYS AS A TERM OF
    PROBATION, COMMENCING _____
  TO COUNTY JAIL TO SERVE _____ 48 HOUR PERIODS AS A TERM
    OF PROBATION, COMMENCING _____
    _____ ACTUAL TIME SERVED _____ DAYS,
  TO STATE PRISON _____  STATE HOSPITAL _____
    FOR _____

NEXT APPEARANCE
  SAN LUIS OBISPO BRANCH          DATE: 3/28/11
  GROVER BEACH BRANCH
  PASO ROBLES BRANCH              TIME: 8:30 a.m.
  SUPERIOR COURT DEPARTMENT _____

BAIL IS SET IN THE SUM OF $ NO Bail

  DEFENDANT ORDERED RELEASED FROM CUSTODY
  DEFENDANT ORDERED RELEASED ON OWN RECOGNIZANCE  _Cont. back day_
_To Plaintiff that he allowed to bring to Court_
_whatever legal materials he is able to carry with him._

DATED _____

JUDGE OF THE SUPERIOR COURT

DATED 3/24/11                _Lynne W. Pelley_
                            DEPUTY CLERK
                                              /453    LSE114-M074

(24)

**CD 28** 3

San Luis Obispo County
Sheriff's Department

# Booking Report - Inmate Copy

| | | |
|---|---|---|
| Booking #: A00601152    ID #: 442597 | Report Date/Time: | 3/20/2011 09:28:31 |
| MURILLO, RAMON A | Booking Date/Time: | 3/20/2011 09:12:00 |
| | Inmate Status: | PEND |
| | Housing Location: | IRC001 |
| | Release Date/Time: | |

## BOOKING COMMENTS

HERE ON OTP. AM1116

## CHARGES

## HOLDS

Type: DETA                                      Hold Until Date/Time:

Comments: DO NOT RELEASE   CDC # P43503

Hold Cleared Date/Time:

Comments:

## BOOKING SENTENCE

## VEHICLE

Vehicle Towed By:                                                      Keys In Vehicle: ☐

Address:                                    Phone:              Hold On Vehicle: ☐

Comments:

**CD 28** 4

- You may request copies of legal documents related to court correspondence and blank court forms that you cannot obtain through your attorney.

- A maximum of three (3) copies of each page may be made for the purpose of filing legal documents with the court.

- You may request numbered legal paper, known as pleading paper, for copying purposes.

- Inmates who have been granted Pro-Per status shall be provided:

- Privileged (unrecorded) phone conversations.

- Privileged phone conversations are limited to the Pro-Per inmate's court ordered Legal Assistants.

- Legal Assistants are court appointed attorneys, investigators, paralegal, or a legal runner.

- Pro Per inmates requesting privileged phone calls will list the name and phone numbers on an Inmate Request Slip and submit the request to a correctional officer.

- Long distance phone calls will be collect. Non-collect local calls are by court order.

## MAIL

1. All incoming mail will be addressed as follows:

   YOUR NAME & IDENTIFICATION NUMBER
   P.O. Box 15409
   San Luis Obispo, CA  93406

2. You will write your name, identification number, and jail return address (as indicated above) in the front, upper left hand corner of each outgoing envelope. No other writing or drawing is allowed on the front or back of envelope.

3. You are permitted to send and receive as many letters as you wish.

4. Books, magazines and newspapers must be prepaid. These items must be sent directly from the publisher or retail outlet and delivered by the U.S. Postal Service or mail delivery service to your jail address. Any book or magazine which contains obscenity, items relating to gambling, material tending to incite violence, racism, riot, arson, or any other crime will not be accepted into the jail. Magazines and newspapers will be exchanged on a one-for-one basis when the mail is delivered. Exchanged

15

---

## II. GRIEVANCE PROCESS

A. You may appeal any policy, action, or decision, or your condition of confinement, which has a significant adverse effect on you, through the grievance procedure except where otherwise stated in these Inmate Rules.

B. You may obtain an Inmate Grievance Appeal form by requesting one through the inmate request process. You may not request more than one Inmate Grievance Appeal form at a time.

C. Carefully follow the directions on the form, filling out each applicable section completely and neatly. Return the completed form to a Correctional Officer.

D. Grievances will be resolved at lowest appropriate staff level. You will be given a response at each level. If you are dissatisfied with any response to your grievance, you may appeal the response to the next highest staff level (see Inmate Grievance Appeal form for details).

E. Grievances requesting punishment of any kind toward any Custody Staff member and "group grievances" are not allowed and will not be considered.

F. Grievance forms will not contain more than one (1) grievable item per form.

G. Malicious or irresponsible use of the grievance appeal procedure may result in disciplinary action.

H. Your housing location is not a grievable issue.

## HOUSING & CLASSIFICATION

A. Classification personnel will assign your housing location. Some housing location/units/cells are more restrictive than others but are not intended as a punishment. Housings are based on safety, security, and other factors.

B. Factors determining your classification include, but are not limited to:

- Sex and age

- Criminal history

- Nature of current charges

- History of prior assaultive behavior

- Escape or institutional disciplinary history

13

**CD 28** 5

magazines and newspapers will be donated to the jail. They will not be placed in your Property Bag, nor will they be given, sold, or traded by you to another inmate. You may take your book(s) with you, or donate the book(s) to the jail. To donate them, you must cross off your name any write, "donated to the San Luis Obispo Jail", and initial your entry. You may keep up to three (3) books in your cell. Excess books will be placed in your property. Books, magazines and newspapers will not be forwarded to you after your release. It is your responsibility to notify the publisher of your change of address.

Ongoing letters are limited to four pages (written on both sides).

The following are not accepted in incoming mail:

- hardback books
- photographs larger than 4" x 6"
- Photos or pictures of nude or partially nude subjects
- Instant-type (Polaroid) photographs
- Books, envelopes or greeting cards larger than 6" x 10"
- Greeting cards with raised or embossed surfaces
- Any type of sticker attached to an envelope or its contents
- Greeting cards made from heavyweight paper or card stock
- Personal checks, money orders not issued by the U.S. Postal Service, two-party checks and welfare/social security checks
- Postage stamps, blank greeting cards, envelopes, or writing paper
- Packages of any type (without written approval of a Correctional Sergeant)
- Food or medication
- Staples

It is your responsibility to inform those who write to you of these regulations.

G. You will not keep more than ten (10) personal letters or more than three (3) pounds of legal mail in your housing unit. Any mail in excess of these limits will be given to a Correctional Officer to be stored in your Property Bag.

H. You will present all outgoing legal or confidential mail UNSEALED to Correctional Officer for inspection. Correctional Officers will inspect the legal or confidential mail in your presence and then have you seal it. Correctional Officers will sign and date the reverse side of the envelope and place it with the outgoing mail.

C. Your housing location is not a grievable issue.

D. If you have not received a response, or more than 60 to 90 days, you may request a review of your classification status once every 30 days.

You may be administratively segregated in a single or isolation cell due to your classification. You may also be subject to a restriction of privileges. These ... are subject to disciplinary action on non-compliance ... or punishment.

- Medical and/or mental health conditions
- Assessments
- Sentenced inmates
- Unsentenced inmates
- Pro per inmates

## 3. LAW LIBRARY

A. The San Luis Obispo County Jail maintains a Law Library for inmate use. The Law Library is available 24-hours a day, as staffing levels permit.

B. If you want to use the Law Library, you will submit an Inmate Request form to be placed on the Law Library schedule. If you refuse to use the Law Library when a Correctional Officer calls you, you must re-submit an Inmate Request form in order to be placed on the schedule again.

C. No more than two inmates from the same housing unit may use the Law Library at the same time. The decision of placing two mutually housed inmates in the Law Library at the same time will be at the discretion of the assisting Correctional Officer.

D. Materials that are authorized in the Law Library include: pencils, erasers, paper, legal correspondence, and jail approved writing materials. You will not remove any materials from the Law Library except those items you brought in with you. Any abuse of legal resources or Law Library facility will result in criminal charges or disciplinary action including suspension of your Law Library privileges.

E. The following priority order for the Law Library use will be followed:

- Pro per inmates
- Unsentenced inmates
- Sentenced inmates

F. Certain legal publications may be maintained on a computer in the Law Library. You will not attempt to damage the computer or its enclosure, nor attempt to access other than to research legal publications ... if you are assisting ... the computer.

You ... if an officer or ... that you discover on the counter.

## VERIFICATION

CV-11-10131-GAF(VBK)

STATE OF CALIFORNIA
COUNTY OF Kings

(C.C.P. SEC. 446 & 2015.5; 28 U.S.C. 1746)

I, Ramon Murillo DECLARE UNDER PENALTY OF PERJURY THAT:
I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION. I HAVE
READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND
THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED
THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I
BELIEVE THEM TO BE TRUE.

EXECUTED THIS _27th_ DAY OF _FEBRuary_ 20 13
AT Corcoran, CA.

_____
(SIGNATURE)                    (DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I J. Martinez AM A RESIDENT OF Corcoran
STATE OF CALIFORNIA, I AM OVER THE AGE OF
EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE INTITLED
ACTION. MY ADDRESS IS 4001 King Ave, Corcoran, CA, 93212

ON FEB 27th, 2013 IS SERVED THE FOREGOING DOCUMENTS,
Req Admission & Grerivinence — Michael Ulloa

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A
SEALED ENVELOPE(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES
MAIL, IN A DEPOSIT BOX SO PROVIDED AT Corcoran, CA

Nathan Perea
4204 Riverwalk Parkway
STE 250
Riverside, CA, 92505

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED,
AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING
AND THE PLACE SO ADDRESSED, I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.

DATE: 2/22/ , 20 13      _____
                              (DECLARANT/PRISONER)