Douglas C. Smith, Esq. (State Bar No. 160013)
dsmith@smitlaw.com
Nathan A. Perea, Esq. (State Bar No. 235791)
nperea@smitlaw.com
SMITH LAW OFFICES, APC
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile:  (951) 509-1356

Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO, IAN PARKINSON,
EMMETT RUSHING, MICHAEL ULLOA, TYLER ADAMS
JEREMIAH MAYES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO,<br><br>Plaintiff,<br><br>vs.<br><br>IAN PARKINSON, SHERIFF OF COUNTY OF SAN LUIS OBISPO; COUNTY OF SAN LUIS OBISPO; DEPUTY ULLOA; DEPUTY ADAMS; DEPUTY MAYES; SGT. RUSHING; SAN LUIS OBISPO COUNTY JAIL,<br><br>Defendants. | CASE NO.: CV 11-10131 - JGB (VBK)<br><br>[Assigned to Hon. Judge Jesus G. Bernal]<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed 1/12/2012<br>Amended Complaint Filed 3/26/2012 |

COMES NOW, this Court, having reviewed and considered the terms of the proposed Protective Order, and having found good cause shown, hereby orders the following terms for a Protective Order pursuant to Federal Rule of Civil Procedure Rule 26 and in accordance with this Court's order directing Defendants to prepare a proposed Protective Order.  Therefore, this Court hereby Orders, for good cause, and in order to protect the parties from annoyance, embarrassment, oppression, or undue burden or expense, as follows:

///

# PROTECTIVE ORDER

1. This Order shall govern the designation, production, handling, and treatment of, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents that is confidential which is obtained or observed as a result of or in the course of this litigation. The purpose of this Order is to protect the privacy of the parties herein, including Mr. Ramon Murillo ("Plaintiff") and his medical and mental health records, and other confidential records.

2. Documents:

When used in this Order, the word "documents" means all written, recorded graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Federal Rule of Civil Procedure Rules whether by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from any of the foregoing.

3. Designation of Confidential Documents:

In connection with this lawsuit, any and all documents that include, mental health records and/or medical records shall be designated confidential and shall be governed by this Order, and do not require the specific designation of "Confidential" to be protected. Furthermore, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order. The designating party shall notify all parties of the designating party's election to designate any such documents as "Confidential" within 30 days from the date of making the "Confidential" designation. In addition, any party may designate as "Confidential" and subject to this Protective Order, any information contained in the documents, and any summaries, copies, abstracts, or other documents derived in whole or in part from documents designated as "Confidential."

4. Challenge to Confidentiality Designation:

If any party objects to the designation of any document(s) produced or filed as "Confidential", under the above definitions, that party may file a motion to resolve the dispute regarding whether such document(s) qualified for confidential status. Interested parties shall attempt to resolve any such disagreements before submitting them to the Court. Pending resolution of a dispute over the status of documents under this Order, that document shall be considered a confidential document subject to the protection of this Order. At all relevant times, the party seeking to assert a document's confidentiality bears the burden of showing good cause.

5. Identification of Counsel:

For the purposes of this Order, "counsel" or "attorney" means counsel of record for the parties of this action and all their employees, agents and experts, and Plaintiff as a pro per litigant.

6. Use of Confidential Material:

Confidential records shall be used solely for the purpose of conducting the lawsuit herein.

7. Use and Designation of Confidential Material in Court Filings:

Portions of confidential records (such as medical records) may be attached to any pleading, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court, but all documents that have been designated "Confidential" or otherwise deemed confidential must be filed under seal, by the methods proscribed by the Court's rules for filing under seal, and in compliance with Local Rules and this Protective Order. When submitting or filing records with the Court under seal, the parties shall use the following designation:

CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PARTIES FILED BY [NAME OF THE FILING PARTY], IS

NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.

Only Confidential records will be filed under seal. The pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court will not be filed under seal.

8. Disclosure of Confidential Material:

All confidential records shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order. Confidential information may be disclosed only to the following persons:

(a) Counsel, including paralegal, investigative, secretarial, and clerical personnel including law students, if applicable, who are engaged in assisting such counsel in the above entitled action;

(b) Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

(c) Any director, officer, or employee of a party who is requested by counsel for such party to work directly on the above entitled action;

(d) Any deposition or trial witness;

(e) Any person who authored or received the particular confidential information sought to be disclosed;

(f) Any court or other shorthand reporter or typist recording or transcribing testimony;

(g) The Court.

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Protective Order and have agreed in writing to abide by and comply

1  with the terms and provisions therein on the Nondisclosure Agreement attached
2  hereto as Exhibit "A."
3      9.    Use of Confidential Information During Discovery: Depositions.
4      A party may designate as Confidential the deposition transcript and all
5  exhibits to the deposition by indicating on the record at the deposition that certain
6  information is Confidential and subject to the terms of this Protective Order.
7  Alternatively, a party may make a Confidential designation by notifying all parties
8  in writing within twenty (20) days after the deposition transcript is received by the
9  party of the portions of the transcript and/or exhibits designated as confidential, or
10 entry of this Order by the Court, to the extent Confidential documents pre-date the
11 Protective Order.
12     During this interim twenty (20) day period, the entire transcript and the
13 exhibits attached thereto shall be treated by all the parties as Confidential. All
14 transcripts and deposition exhibits containing any confidential information shall
15 be marked: "CONFIDENTIAL".
16     10.    Interrogatories and Requests for Production, and other discovery
17 related matters. Use of confidential information during discovery shall be
18 designated as follows:
19     (a)    To designate a document as one containing confidential information
20 the party designating the document as "Confidential" shall mark the first page and
21 every page thereafter as follows: "CONFIDENTIAL."
22     (b)    All confidential documents produced by the parties during discovery
23 shall be marked as indicated in paragraph 9(a) above.
24     (c)    Any responses to interrogatories, requests for production, or requests
25 for admissions, which are designated by a party as containing confidential
26 information, shall be submitted in a separate document with each page marked as
27 indicated in paragraph 9(a) above.
28 ///

    (d)    If documents are produced on a computer disc or other electronic and/or digital format, and all the documents on the disc contain confidential information, they shall all be designated confidential by application to the disc of a mark bearing the language set out in paragraph 9(a). If any of the documents are used at depositions or attached as pleadings, each page of these documents shall be marked as indicated in paragraph 9(a).

11.    Use of Confidential Information at Hearing or Trial:

A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above entitled action. Any Confidential information used in any court proceeding shall not lose its Confidential status through such use, unless the Court orders otherwise.

12.    Preservation of Rights and Privileges:

Nothing contained in this Protective Order shall affect the rights of any party or witness to make any other type of objection or claim.

13.    Modification of the Protective Order:

This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for an additional protective order, or for modification of this Order with the Court's approval.

14.    Return of Materials:

Within thirty (30) days after the conclusion of the above entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, shall be returned to counsel who provided it. Alternatively, a party or counsel in possession of documents containing confidential information shall certify in writing within the 30-day period that all such documents have been destroyed. As to those materials which contain confidential information, but constitute or reflect counsel's work product, all such work product and all copies shall either by destroyed or retained by

counsel in a secure place, subject to this Protective Order.

15. Inadvertent Disclosure:

Should any Confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s), and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its confidential status because of any inadvertent disclosure to a person not authorized to receive it under this Protective Order, provided that the corrective action under this section is taken.

16. Objections:

Nothing in this Protective Order shall be construed to constitute a waiver, express or implied, of any party's right to object to the production and release of documents. Should any objections be made to the release of any documents, the party doing the objecting shall provide a privilege log at the time of objection that contains a brief description of the document, its author, the date it was created, and the specific objection being made. Any party at that time may pursue any rights under the law it has to compel production of said document(s).

17. Upon conclusion of the above entitled action, the provisions of this Protective Order shall continue to be binding.

18. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties and by Order of this Court if the Court finds appropriate upon reasonable written request.

IT IS SO ORDERED.

Dated: 3/17/14     BY: _____/s/_____

United States ~~District~~ Court Judge
Magistrate
VICTOR B. KENTON

EXHIBIT "A"

NONDISCLOSURE AGREEMENT

I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order.  I agree to be bound by the terms and conditions of the Protective Order.  I acknowledge and agree that I will be subject to the jurisdiction of this Court for enforcement of any term or condition of the Protective Order to the full extent allowable by law, and that I may be prosecuted for any violation by separate action for, among other claims, breach of contract and violation of privacy rights.

Dated this _____ day of _____, ____.

_____
Signature

_____
Address