1  Douglas C. Smith, Esq. (State Bar No.160013)
   dsmith@smitlaw.com
2  Nathan A. Perea, Esq. (State Bar No. 235791)
   nperea@smitlaw.com
3  SMITH LAW OFFICES, APC
   4204 Riverwalk Parkway, Suite 250
4  Riverside, California 92505
   Telephone: (951) 509-1355
5  Facsimile: (951) 509-1356

6  Attorneys for Defendants
   IAN PARKINSON, COUNTY OF SAN
7  LUIS OBISPO (erroneously sued as the San Luis Obispo County Jail),
   MICHAEL ULLOA, TYLER ADAMS,
8  JEREMIAH MAYES; EMMETT RUSHING

9

10           UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  RAMON MURILLO,               ) | CASE NO.: CV-11-10131 JGB (VBK) |
| 14          Plaintiff,           ) | |
| 15  vs.                          ) | **DECLARATION OF EMMETT RUSHING IN SUPPORT OF DEFENDANTS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** |
| 16  IAN PARKINSON - SHERIFF OF SAN LUIS OBISPO COUNTY, COUNTY OF SAN LUIS OBISPO, MICHAEL ULLOA, DEPUTY MANPAL, TYLER ADAMS, JEREMIAH MAYES, EMMETT RUSHING, SAN LUIS OBISPO COUNTY JAIL, ) | |
| 19          Defendants.          ) | [Filed concurrently with Notice, Memorandum of Points and Authorities, Separate Statement of Uncontroverted Facts and Conclusions of Law; Supporting declarations and [Proposed] Judgment] |
| 23  _____      ) | *Complaint filed 12/7/11*<br>*Amended Complaint Filed 3/26/12* |

24

25         **<u>DECLARATION OF EMMETT RUSHING</u>**

26     I, EMMETT RUSHING, declare and state as follows:

27     1.     I am an employee with the County of San Luis Obispo and currently

28  hold the rank of Correction Seargeant the San Luis Obispo Sheriff's Office.

2. I was employed with the County of San Luis Obispo as a Sheriff Deputy in 2011.

3. I do not have any personal recollection of Roman Murillo. I do not recall ever being asked by Plaintiff to have access to the law library or to utilize personal legal property. With that said, it is policy to require that the inmate obtain an order if the case is not a case wherein the inmate is challenging his confinement or sentence.

4. Since my graduation from the Sheriff's Academy, I have continued my training. This training includes attendance at law enforcement related classes, briefings, and review of recurring legal updates. The County of San Luis Obispo provides continuous training on issues involving constitutional requirements and responsibilities.

5. During March 20, 2011, and April 4, 2011, I worked various shifts to enforce the health, safety and welfare of the inmates at San Luis Obispo County Jail.

6. I never witnessed another correctional officer call any inmate, including Mr. Murillo a "faggot," or "rat-ass faggot" or "queer."

7. I never called any inmate a "faggot," "rat-ass faggot," or "queer."

8. I never witnessed another correctional officer assault or physically abuse an inmate while calling the inmate a "faggot," "rat-ass faggot," or "queer."

9. I never witnessed Tyler Adams, Michael Ulloa, or Jeremiah Mayes beat, beat-up, smack, punch, or otherwise assault or physically abuse an inmate, including Mr. Murillo.

10. I never engaged in beating, assaulting or physically abusing Mr. Murillo.

11. I never beat, beat-up, smack, punch, or otherwise assaulted or physically abused an inmate to punish him for requesting law library access or for obtaining an order from the court to access legal material or the law library.

12. I never withheld outdoor exercise, clothing, meals or showers to punish, retaliate against, or to intentionally harm an inmate.

13. I never beat, beat-up, smack, punch, or otherwise assaulted or physically abused an inmate to punish him for requesting a meal, shower, yard time or clothing, or to cause him harm.

14. I only use force to control an inmate when such force is necessary to maintain a safe environment, and never use force to retaliate against an inmate or punish an inmate, or to intentionally cause him harm and injury without there being a need for safety.

15. I have been trained in the handling and maintenance of records relating to policies, and court orders for the San Luis Obispo County Jail, and am familiar with the customs and practices maintaining the following records, and hereby confirm the copies of the following documents are true and correct:

    a. Attached as Exhibit "1" is a true and correct copy of the San Luis Obispo County Jail policy regarding the Law Library.

    b. Attached as Exhibit "2" is a true and correct copy of the San Luis Obispo County Jail policy regarding Court Orders.

    c. Attached as Exhibit "3" is a true and correct copy of excerpts from the Custody Post Logs for March 24, 2011 and March 25, 2011, showing Plaintiff had accessed the legal research room, we call the 502 room.

    d. Attached as Exhibit "4" is a true and correct copy of Booking Report which states he is to be in Protective Custody and Administrative Segregation.

    e. Attached as Exhibit "5" is a true and correct copy of Plaintiff's Pro Per Log showing he had access to his legal research material.

    f. Attached as Exhibit "6" is a true and correct copy of the release of Murillo on April 4, 2011, to CDCR.

1  g. Attached as Exhibit "7" is a true and correct copy of the current Inmate Rule Book, there are no rule books from 2011.

h. Attached as Exhibit "8" is a true and correct copy of the San Luis Obispo County Jail policy regarding Inmate Searches.

i. Attached as Exhibit "9" is a true and correct copy of the San Luis Obispo County Jail policy regarding Use of Force.

16. An inmate who is transferred to San Luis Obispo County Jail with an established classification is placed within County Jail with the same classification. Plaintiff was transferred to San Luis Obispo County Jail as an Administrative Segregation, Protective Custody classification, consequently, we placed him in Administrative Segregation. Murillo was placed in cell block A-6 (administrative segregation) the entire time he was at San Luis Obispo County Jail.

17. Pursuant to San Luis Obispo County Jail policy regarding use of the law library, it is the policy that priority usage is given to those inmates who are representing themselves in a criminal case with the status of pro per as well as those inmates representing themselves in a 42 U.S.C. §1983 action or writ of habeas corpus. Since Murillo did not fall into either of the categories referenced within the Law Library Policy, paragraph 10, he was required to submit a legal request form to utilize the law library.

18. Murillo never filed a legal request form to use the law library.

19. On March 23, 2011, the San Luis Obispo Jail received a Court Order addressed to the San Luis Obispo County Jail granting Murillo reasonable access to the legal research facilities and the order was complied with, and Plaintiff had access to the 502 Room when reasonably available while taking into consideration staffing and the safety of the other inmates at the facility.

20. An inmate housed in administrative segregation is granted yard access for exercise, on Tuesdays, Thursdays and Saturdays, when weather permits.

21. During the period that Murillo was housed at San Luis Obispo

County Jail, weather did not permit yard access on March 22-27, 2011.

22. Murillo was given yard access on Tuesday, March 29, 2011, Thursday, March 31, 2011 and Saturday, April 2, 2011.

23. Murillo was released back to CDCR on April 4, 2011.

24. During the period of March 19, 2011 through April 4, 2011, Murillo was provided meals on a daily basis. Meal periods, such as breakfast, lunch, and dinner, is served to all inmates at the same time in order to ensure order and safety among the inmates as well as the correctional staff.

25. During the period of March 19, 2011 through April 4, 2011, Murillo was provided showers.

26. During the period of March 19, 2011 through April 4, 2011, Murillo was provided clothing.

27. Pursuant to my review of the jail files and logs, Murillo never filed a grievance while at San Luis Obispo County Jail.

28. It is the policy of San Luis Obispo County Jail to use only the degree of force reasonable to affect an arrest, prevent escape or ongoing criminal conduct, overcome resistance, or protect themselves or another from injury or death. Any use of force must be properly reported. There are no reports of any use of force being used on Plaintiff.

29. Pursuant to the San Luis Obispo County Jail policy regarding inmate searches, an inmate who has been in contact with the public, such as a court appearance, is subject to strip and visual body cavity searches in order to protect the inmates from outside contraband or weapons being smuggled into the jail.

I declare under penalty of perjury, within the laws of the State of California and the United States, that the foregoing is true and correct.

Executed this 30 day of June 2014, in San Luis Obispo, California.

Emmett Rushing — CS/499
Declarant